WILSON COMPTON, GUARDIAN OF BARNES COMPTON, *vs.* RICHARD RARNES AND ROBERT FERGUSSON, EXECUTORS OF JOHN BARNES.—*June* 1846.

After probate of a will, and grant of letters testamentary, it is the duty of executors to appear to, and defend a caveat to the will, under which they are acting, and make all necessary preparations for its trial, upon its merits.

The employment of counsel for such purposes, is incidental to their duty; and it would be unjust not to allow to such executors, out of the estate of the deceased, the expenses necessarily incurred by them in the discharge of their duty.

The devisee of personal property in a will, has a right to call upon the orphans court, to determine upon the legality of an order of court, to employ counsel, and the reasonableness of the allowance to them under such an order.

The counsel fee paid by a caveator of a will admitted to probate, is evidence of the reasonableness of a similar fee allowed to the executor, for the caveatee's counsel, to maintain it.

APPEAL from the Orphans court of *Charles* county.

On the 5th January 1844, *John Barnes* made his last will, and devised to his grandson, *Barnes Compton,* in fee, all that part of his estate called, &c., and all the residue of his estate, (except two manumitted negroes, and $500 per annum to his nephew, *W. C. Barnes,* for ten years, for life,) with remainder over to his nephews, and certain other of his grand-children, absolutely. This will was admitted to probate a few days after its execution.

On the 21st December, 1844, the appellant filed a petition, suggesting, that the testator at the time of making his will, was incapable of making a valid will and testament, &c. praying that it might be decreed void.

Afterwards, the appellant petitioned the orphans court for leave to employ counsel, to maintain his caveat; and that court gave leave, to employ such counsel as the appellant might deem proper, and that he be authorised to pay to two counsel, one hundred dollars each; and if the will was defeated, the court would give a liberal compensation.

In the year 1845, the orphans court ordered that the sum of $150, in addition to what had already been authorized to be allowed to the appellant, for the purpose of employing counsel to prosecute the caveat aforesaid.

In the month of August, 1845, the executors of the deceased, the appellees, petitioned the court for an allowance to counsel, to maintain the will in opposition to the caveat, and an allowance of $350 was awarded.

From this order an appeal was taken.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By CRAIN, for the appellant.

By JOHN JOHNSON, for the appellees.

DORSEY, J., delivered the opinion of this court.

The last will and testament of *John Barnes*, the testator, having been admitted to probate, nearly twelve months afterwards *Wilson Compton*, the guardian of *Barnes Compton*, the grandson of the deceased, filed a caveat to vacate the will; and on a petition filed for that purpose, obtained an order from the orphans court of *Charles* county, authorising the guardian to employ counsel to prosecute the caveat; and as a compensation for the professional services thus obtained, to pay the sum of three hundred and fifty dollars. The appellees, the executors, having appeared to the caveat, applied to the orphans court to make an allowance for the employment of counsel to resist the caveat. Whereupon the court passed an order, making the same allowance to the counsel to be employed in opposing the caveat, that had been allowed to the counsel to be retained in its support; and directed the payment thereof, out of the estate of the testator. From this order the present appeal has been taken. And in support of it, on behalf of the appellant, it has been urged, that should the will, on the successful prosecution of this caveat, be vacated and annulled, *Barnes Compton*, as the heir and next of kin of the testator, will become entitled to the whole of his real and personal

estate; and that the order of the court appealed from, is an appropriation of a portion of his estate, for the employment of counsel to defeat his estate. If the will had not been admitted to probate, and letters testamentary not granted thereon, the ground urged in opposition to the order might be entitled to grave consideration. But after the probate of the will, and the granting of letters testamentary to the executors, it was their bounden duty to appear to the caveat, and in the defence to make all necessary preparations for its trial, upon its merits. The employment of counsel for that purpose, follows as a necessary incident to the unquestioned powers and duties of the executors; and it would be inconsistent with every principle of reason, law, and justice, not to allow to the executors out of the estate of the deceased, the expenses by them necessarily incurred in the faithful discharge of their duties.

If the right of appeal, in this case, be asserted, solely on the ground of the injury inflicted on the rights and interests of the appellants, as the heir and next of kin of the deceased, he has no standing in this court, and his appeal should be dismissed. It not appearing by the record that the caveat has been ruled good, the appellant has shewn no prejudice to his interests by the order appealed from; and consequently, on that ground would be incompetent to the prosecution of the present appeal. But the appellant being, by the will, a devisee for life of the estate of the deceased, has, in virtue thereof, a right to call upon this court to determine the legality of the order, and the reasonableness of the allowance to be paid to counsel, sustaining the will. The legality of the order, this court have already sanctioned, and in the absence of all proof, shewing a disparity between the value of the services of counsel opposing, and of counsel supporting, the caveat, we think it would come with an ill grace from appellant, to say that the allowance made to the appellees counsel, has been excessive; when, at the same time, he obtained from the orphans court the same allowance to the counsel employed by him, in sustaining the caveat.

The order of the orphans court, appealed from, is affirmed, with costs.

ORDER AFFIRMED, WITH COSTS.