JEREMIAH TOWNSHEND, ADM'R AD. COL. OF JOHN TOWNS-
HEND, AND TOBIAS G. TOWNSHEND *vs.* JOHN B. BROOKE,
ONE OF THE EXC'RS NAMED IN THE WILL OF JOHN TOWNS-
HEND.—*June* 1850.

The orphans court has no authority to direct a collector *pendente lite,* to pay
a sum of money to persons named as executors in a will, to be appropri-
ated as fees to counsel employed to resist a *caveat,* interposed *before the
will was admitted to probate.*

The orphans courts are tribunals confessedly special and limited in their
jurisdiction, without any constructive or incidental power, and can exer-
cise no authority whatever, not expressly given by law,

Where a *caveat* is filed *after* the will is admitted to probate, and letters tes-
tamentary granted to the executors, authority in the orphans court to
allow such executors counsel fees to resist the *caveat,* is expressly granted
by the act of 1798, ch. 101, sub-ch, 10, sec. 2.

APPEAL from the orphans court of *Prince George's* county.

The appeal in this case was taken from an order of the
orphan's court of *Prince George's* county, of the 15th of
November, 1849, directing *Jeremiah Townshend,* one of the
appellants, as *Administrator ad colligendum* of the estate of
*John Townshend,* deceased, to pay to the appellee, one of the
executors named in the last will and testament of the deceas-
ed, a sum of money for payment of fees to counsel for the trial
of certain issues framed in a *caveat,* against the admission of
said will to probate. The only question raised by the record,
*involves the authority of the orphans court to make an allow-
ance to executors for resisting a caveat against the probate of*
the will of their testator, before such will has been admitted to
probate. *Jeremiah Townshend* was also one of the execu-
tors named in the will, and *Tobias G. Townshend* the other
appellant, was one of the heirs at law of *John Townshend,*
deceased.

The cause was argued before DORSEY, C. J., MAGRUDER,
MARTIN and FRICK, J.

By CAUSIN for the appellants, and
By THOS. S. ALEXANDER, for the appellee.

MARTIN, J., delivered the opinion of this court.

By the 20th section of the 15th sub-chapter of the testimentary system of 1798, ch. 101, the orphans courts of this State are inhibited from the exercise of any power or jurisdiction, not expressly given by legislative enactment. They are tribunals confessedly special, and limited in their jurisdiction, without any constructive or incidental power, and were so treated and considered by the Court of Appeals in the case of *Scott vs. Burch*, 6 *Har. and John.*, 67, and *Brodess vs. Thompson*, 2 *Har. and Gill*, 126. In the last case, the court said:

" The orphans courts derive their powers mostly from statutory provisions, and are tribunals limited in their jurisdiction, unable to exercise any authority whatever, not expressly given by law."

After a careful examination of the acts of Assembly, bearing upon the powers and jurisdiction of the orphans courts, we can find no clause or provision which can be interpreted as conferring upon those tribunals, authority to direct a collector *pendente lite*, to pay a sum of money to the persons named as executors, in a paper purporting to be a last will and testament, to be appropriated as fees to counsel employed to resist a *caveat* interposed before the paper in controversy was admitted to probate, and consequently before letters testamentary were committed to the persons named therein as executors. It is impossible, therefore, to do otherwise than pronounce the order of the orphans court of *Prince George's* county, of the 15th of November, 1849, to be inoperative and void upon the ground that there was an absolute want of power in that court to pass it. The court being inhibited from the exercise of any incidental or constructive authority, and the power to pass an order like that of the 15th of November, not having been expressly conferred.

This case is clearly distinguishable from that of *Compton vs. Barnes*, 4 *Gill*, 55. In *Compton and Barnes* the *caveat* was not filed until after the will of *John Barnes* had been admitted to probate, and letters testamentary granted to the executors, in whose favor the order of the orphans court was passed.

Under such circumstances, it was the plain and imperative duty of the executors to appear to the *caveat*, for the purpose of resisting it, and vindicating the will. And authority in the orphans court to pass the order which was the subject of contestation in that case, was expressly granted by the *second* section of the 10th *sub-chap.* of the act of Assembly 1798, ch. 101.

ORDER REVERSED WITH COSTS.