HORTENSE H. McINTIRE, formerly HORTENSE H. HARDESTY, by her husband and next friend WILLIAM W. McINTIRE, and others, *vs.* WILLIAM C. WORTHINGTON and JOHN S. GITTINGS, Executors, and others.

*Will— Revocation— Testamentary capacity— Issue— Undue influence—Contest as to Will—Administratrix pendente lite—Sec. 68, of Art. 93, of the Code.*

No other or higher degree of testamentary capacity is required in the execution of a will than is required in its revocation.

The contestants to a will tendered a supplemental issue to the effect, that if the decedent executed a paper writing purporting to be his will, that operated as a valid revocation of all former wills, and there was inserted in it a clause or clauses purporting to be a disposition of his entire estate to the exclusion of the contestants, was such disposition to their exclusion, procured by undue influence, exercised and practised upon him? HELD:

That the issue tendered did not submit to the jury to find whether one part of the will was good, and another part bad, but whether the disposition of his entire estate, to the exclusion of the contestants, was procured by undue influence exercised over the testator, and was properly presented by the issue framed by the Orphans' Court, whether the alleged will was procured by undue influence exercised and practiced upon the decedent.

A will executed in 1882, was, after the death of the testator in 1885, offered for probate on the 14th of February, 1887, by parties claiming to be executors thereof. On the following day a petition was filed by M. H. W. and others, children of the testator, requesting that said will, under which the petitioners were legatees, be admitted to probate, and that letters testamentary be issued to the executors therein named. Section 68, of Article 93, of the Code, provides, that in all cases where the validity of a will is contested, letters of administration pending such contest may, at the discretion of the Orphans' Court, be granted to the person named as executor,

or to the person to whom the largest portion of the personal estate may be bequeathed in such contested will, or to the person who would be entitled to letters of administration by law, as in cases of intestacy. On a contest as to the validity of the will, letters of administration *pendente lite* were granted to M. H. W. a widowed daughter of the testator. HELD :

That the administratrix was one of the three classes named in the Code, to whom the Court was authorized, in its discretion, to grant letters, *pendente lite*, and her right to the same was in no way affected by signing and filing the petition consenting to the probate of the will, and to the granting of letters testamentary to the executors therein named.

APPEAL from the Orphans' Court of Baltimore City.

On the 8th of March, 1887, the Orphans' Court of Baltimore City, passed an order, deciding that the following were the proper issues in the case, and directing that the same be sent for trial by a jury, to the Court of Common ·Pleas :

1. Did Richard S. Hardesty, in the month of November, 1882, execute a paper-writing, purporting to be his last will and testament?

2. If Richard S. Hardesty, in the month of November, 1882, did execute a paper-writing, purporting to be his last will and testament, what were the contents thereof?

3. If Richard S. Hardesty, in the month of November, 1882, did execute a paper-writing, purporting to be his last will and testament, was the said Richard S. Hardesty, at the time he so executed the said paper-writing, of sound and disposing mind and capable of executing a valid deed or contract.

4. If Richard S. Hardesty, in the month of November, 1882, did execute a paper-writing, purporting to be his last will and testament, was the execution of the said paper-writing procured by undue influence exercised or practised upon the said Richard S. Hardesty?

5. If Richard S. Hardesty, in the month of November, 1882, did execute a paper-writing, purporting to be his

last will and testament, was this paper-writing subsequently revoked by him?

The appeal in this case was taken from the aforesaid order of the 8th of March, 1887, directing issue, No. 3, upon the subject of the testamentary capacity of Richard S. Hardesty, and issue, No. 4, upon the subject of undue influence, to be sent to the Court of Common Pleas for trial; and also from the order of the 19th of February, 1887, appointing Mary H. Wilson, administratrix *pendente lite* of the estate of Richard S. Hardesty, and the action of the Court in not appointing Elizabeth K. Hardesty, administratrix *pendente lite,* in accordance with her petition asking to be so appointed; and also from the action of the Court in not directing the affidavits of Messrs. Slinguff and Gaither, and Dr. Tiffany, not to be received, and not to be filed, as sought by the motion of the caveators, filed on the 26th of February, 1887, it being the intention of the caveators, in addition to disputing the correctness of the Court's order of the 8th of March, 1887, in respect to said third and fourth issues only, also to dispute the correctness of its action in reference to the affidavits and appointment of the administratrix *pendente lite,* and the failure to appoint Elizabeth K. Hardesty in accordance with her application. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and McSHERRY, J.

*Thomas R. Clendinen,* and *Robert Gilmor,* for the appellants.

*William Pinkney Whyte,* and *S. Teackle Wallis,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

Richard S. Hardesty died in 1885, leaving a paper purporting to be his will dated in 1870, and also a codicil

attached thereto dated 1885. To each of these alleged testamentary papers a caveat was filed by the appellants; and upon issues sent by the Orphans' Court to a Court of law for trial, the verdict was in favor of the caveators, and the alleged will and codicil were declared to be invalid.

Thereupon, a petition was filed in the Orphans' Court, by W. C. Worthington, and John S. Gittings, alleging that the said Hardesty in November, 1882, made a last will and testament, in which the petitioners were appointed executors, and which will, the testator afterwards, when he was mentally incapable of understanding the nature of his act, directed to be destroyed; and the petitioners tendered a draft of said will for probate. To this petition, answers were filed by the appellants in the nature of a caveat to said will, and upon the petition and answers, issues involving the *execution of said alleged* will, *the testamentary capacity* of the testator and *undue influence,* were sent to a Court of law for trial. These issues it is unnecessary to set out at length, because they are the usual and ordinary issues in a case of this kind, and which have time and again been approved by this Court.

The appellants however tendered a supplemental issue to the effect, that although the said Hardesty may have executed in 1882, a paper purporting to be his will, containing a clause of revocation, and which was valid as a revocation of all former wills, yet the jury might find he was incompetent at that time, to make a valid will. This issue assumes, that some other, or higher degree of testamentary capacity is required in the execution of a will, than is required in its revocation. The law however recognizes no such distinction. The act of revocation implies a capacity on the part of the testator, to understand fully the testamentary disposition of his property, already made among those whom he recognized as entitled to his bounty, and an intention at the same time to change

either in whole or in part the disposition thus made. And testamentary capacity—soundness of mind and memory—is as requisite in the revocation of a will as it is in its execution.

Besides this, another supplemental issue was tendered by the appellants, to the effect, that if the said Hardesty did in 1882 execute a paper-writing purporting to be his will, which operated as a valid revocation of all former wills, and there was inserted in it a clause or clauses purporting to be a disposition of his entire estate, to the exclusion of the appellants, was such disposition to their exclusion, procured by undue influence exercised and practised upon him?

We have had some difficulty in understanding precisely what is meant by this issue. It was argued in support of it that one part of a will may be invalid by reason of undue influence, and other parts unaffected by such influence may be valid. This is true, it does not follow because a particular devise or bequest is void, that all other devises or bequests are void; this depends upon whether the alleged undue influence affects the whole will. *Trimlestown vs. D'Alton, et al.,* 1 *Dow. & Clark,* 85; *Allen vs. McPherson, et al.,* 1 *H. L. Cases,* 191; *In Re Welsh,* 1 *Redf.,* 238; *Florey's Ex'rs vs. Florey,* 24 *Ala.,* 241; *Harrison's Appeal from Probate,* 48 *Conn.,* 202; *Baker's Will,* 2 *Redf.,* 179.

But the issue tendered by the appellants does not submit to the jury to find whether one part of the will is bad and another part good, on the contrary, the question is whether the disposition of his entire estate to the exclusion of the appellants, was procured by undue influence exercised over the testator. The undue influence affects the whole will, and a verdict in favor of the appellants upon such an issue would in effect be a verdict against the entire will. And the question whether the alleged will was procured by undue influence was distinctly and

and properly presented in the fourth issue framed by the Orphans' Court.

We come then to the order, appointing Mary H. Wilson, administratrix, pending the litigation. The petition of the Messrs. Worthington and Gittings, offering the will of 1882 for probate, was filed February 14th, and on the next day the following petition was filed:

"The petition of Mary H. Wilson, Sallie V. Hardesty and Blanche H. Worthington, surviving children of Richard S. Hardesty, deceased, hereby requests that the will of the said Richard S. Hardesty, dated November, 1882, and produced by the executors therein named, and under which these petitioners are legatees, may be admitted to probate, and that letters testamentary be issued to the said executors therein named."

On the 17th February, the answers of the appellants were filed objecting to the probate of the alleged will of 1882. Now the Code provides that in all cases where the validity of a will is contested, letters of administration pending such contest may at the discretion of the Orphans' Court be granted to the person named as executor, or to the person to whom the largest portion of the personal estate may be bequeathed in such contested will, or to the person who would be entitled to letters of administration by law as in cases of intestacy. Code, Art. 93, sec. 68.

The Court exercising its discretion, granted letters of administration to Mary H. Wilson, an unmarried daughter of the testator, and as such one of the three classes named in the Code to whom the Court was authorized, in its discretion, to grant letters. It is argued, however, that Mary H. Wilson had by the paper filed February 15th, renounced her right of administration under the Code. Such is not we think its fair construction. The right of administration under the Code, did not exist when this paper was signed and filed. A paper purporting to be a will was

was offered for probate, and if admitted to probate, the executors therein named were entitled to letters testamentary. The paper signed by Mary H. Wilson and others, was nothing more or less, than their consent to the probate of the will, and to the grant of letters to the executors therein named. They did not themselves propose to make any contest in regard to the alleged will, but if others should contest it, and it became necessary for the Court in the exercise of its discretion, to appoint an administrator pending such contest, or if upon such contest the will should be set aside, they did not mean to renounce any right to the administration which then for the first time would devolve upon them. The right therefore of Mary H. Wilson to letters of administration *pendente lite* was in no manner affected by the filing of the paper of February 14th.

For these reasons the orders appealed from will be affirmed.

*Orders affirmed.*