GEORGE SILL, *as Executor of the estate of Daniel Sill, deceased,* v. REBECCA SILL.

WILL; *Election, Procured by Fraud, Set Aside; Costs, When Paid.* Where a will is admitted to probate, and one of the heirs at law is appointed executor thereunder, and it appears that several of the heirs at law of the deceased, by fraud, duress and undue means, procured from the widow of the deceased a statement in writing, purporting to be an election by her to take under said will; and where it further appears that the widow did not appear in the probate court, and that no citation was issued to her, and no commission was appointed by the court to take her election, and her rights under the will and under the law were not explained to her; and afterward, in an action brought by her to set aside the pretended election and will as to her, the action was defended by said executor and the heirs, and determined adversely to the executor and heirs: *Held,* That the costs, expenses and attorney's fees incurred in the defense of the action by said executor and heirs cannot be paid or allowed out of said estate before the division of the property between the heirs and the widow.

### *Error from Marion District Court.*

GEORGE SILL, as executor of the estate of Daniel Sill, deceased, appealed from the probate court of Marion county to the district court thereof, on account of the refusal of the probate court to allow certain costs and expenses incurred in the defense of an action brought by *Rebecca Sill,* to set aside the will under which the said executor was appointed. On July 1, 1886, the district court confirmed the proceedings of

the probate court. The plaintiff executor brings the case here.

*Kellogg & Sedgwick*, for plaintiff in error.
*Keller & Dean*, for defendant in error.

Opinion by CLOGSTON, C.: Daniel Sill, a resident of Marion county, Kansas, died testate, in January, 1881, and thereafter his will was duly admitted to probate in the probate court of that county, in February, 1881. He left surviving him his wife, Rebecca Sill, and the plaintiff in error, George Sill, and several other children. By the terms of his will he devised and bequeathed to Rebecca Sill a life estate in the home farm, and certain other real and personal property, and a provision that upon her death the home farm and the residue of the estate, after paying the debts and some specific legacies, should go to his children, share and share alike. Plaintiff in error was named as one of the executors of the will, and was so appointed and confirmed by the probate court. Afterward defendant in error caused to be filed in the probate court a written statement purporting to be an election by her, as such widow, to accept the provisions of the will and take thereunder. The record shows, however, that said widow did not appear in the probate court, and in open court elect to take under said will, and that no citation was issued by said court to so appear, and that the probate court issued no commission directing any person to take the election of said widow; and it further appears that her rights under the will and under the law were not explained to her. The case of *Sill v. Sill*, reported in 31 Kas. 248, which is made a part of the record, shows that this election, or what purported to be an election to take under the will, by the widow, was procured and obtained by fraud, duress, and without a full knowledge or understanding of her rights and privileges under the law, and that said pretended election was so obtained from said widow by the children and heirs at law who were interested in having the widow accept the provisions of the

will. Afterward the widow brought suit in the district court of Marion county, against the plaintiff in error, as executor, and the other children and heirs at law, to set aside, vacate and annul the will as to her; in which said action a judgment was rendered in her favor. This case was afterward taken on error to the supreme court by the executor and the other heirs, and the judgment of the district court was affirmed. Afterward the executor, plaintiff in error, in settlement with the probate court of Marion county, filed therein a claim for expenses, costs and attorney's fees incurred in the defense of said action in the district and supreme courts, which claim was by the probate court disallowed. The issue now is, were the costs and expenses incurred by the executor in defending the suit of Rebecca Sill to set aside the will of Daniel Sill, so far as it interfered with her rights under the law, as the widow of Daniel Sill, payable out of the estate of said Daniel Sill as a whole and before the distribution of the widow's portion thereof? Or, in other words, can her share of the estate be made to contribute to the payment of the costs, expenses and attorney's fees incurred by the executor and other devisees in resisting the setting aside of her half of the estate?

It is contended by the plaintiff in error that the record shows that he, together with the other heirs, defended the action brought by the widow, in good faith, and under advice of counsel; that they are thereby entitled to recover the expenses, costs and attorney's fees incurred in defending said action, notwithstanding it was determined adversely to them. How it happened that this admission was included in this record, we can hardly imagine. The record of *Sill v. Sill*, 31 Kas. 248, which is made a part of this case, conclusively shows that the pretended election by the widow was obtained from her without her knowledge of the facts, and against her wishes, and upon the solicitation and threats of the heirs of Daniel Sill. If this part of the record is true, then the admission that it was defended in good faith by the heirs cannot be true. It may perhaps be conceded that the plaintiff in error and the heirs acted in good faith when they induced the widow to

make the election, and that they honestly believed that it would be better for her to accept the provisions of the will; but let that be as it may, the fact remains that she was induced to do what she did by the heirs who are now seeking to have these expenses paid out of the estate before a division is made between them and the widow. This we think cannot be done. The authorities cited by plaintiff in error do not reach this case. (*Compton v. Barnes*, 4 Gill, 55; *Wilson & Dow v. Bates*, 28 Vt. 765; *Wendell v. French*, 19 N. H. 205; *Ammon's Appeal*, 31 Pa. St. 311.) Perhaps if the executor had been a disinterested person, having no interest in the division of the estate, he might be allowed his costs from the estate; but that is not this case. To that extent it seems that the authorities go, as shown by the plaintiff in error; while on the other hand, many authorities hold that in no case ought the executor to defend an action when the will is attacked under which he is appointed, where there are devisees or heirs-at-law interested in said contest. In other words, the burden of the defense ought to be thrown upon those who will be benefited by the contest or its defeat. (*Andrews v. Andrews*, 7 Ohio St. 143, and cases therein cited.)

All we now care to decide is, that where an executor who is an heir of the estate, with other heirs, or devisees, procures an acceptance by the widow of the provisions of a will, where it is against her interest, and without a full knowledge by her of her rights thereunder, and afterward suit is brought by her to set aside such election and will as to her, the costs and expenses of a defense to such an action must be borne by the executor, devisees, or heirs, and cannot be taken out of the estate before a division between said heirs and devisees and the widow.

It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.