## DALLAS M. HARRISON and W. E. GLADFELTER, ADMINISTRATORS, *vs.* STEPHEN S. CLARK.

*Administrator Pendente Lite Entitled to Continue in Office Until Appointment of General Administrator.*

Two wills of a testatrix were filed in the Orphans' Court and caveats entered to each. The executor named in the last will and another person were appointed by that Court administrators *pendente lite*, at the request of the next of kin. The will last in date was adjudged to be invalid. Thereupon the executor named in the will first in date, the caveat to which was pending, was appointed administrator *pendente lite* upon his petition treating the office as vacant. Code, Art. 93, secs. 68, 69, provide for the issue of letters of administration *pendente lite* when the validity of a will is contested, which letters shall be revoked upon the grant of letters testamentary or of administration. *Held,* that the administrators *pendente lite* originally appointed are entitled to continue in office, unless removed for cause, until the validity of both wills be finally determined and that the executor named in the first will is not entitled to the appointment in order to defend that will and to pay the costs out of the assets of the estate.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Robert Biggs* and *H. W. Henderson,* for the appellants.

*S. Gross Horwitz,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City which declared that the functions of the appellants as administrators *pendente lite* had ceased and appointed the appellee to that office in their place and stead.

The facts of the case, about which there is no dispute, are substantially as follows :

Annie L. Cooper died in June, 1901, leaving two papers each executed in due form as her last will, and dated respect-

ively on the 19th and 21st days of February, 1901. The first will simply gave a leasehold lot of ground in Baltimore City to Frank Belton without any disposition whatever of the remainder of the estate of the testatrix. Stephen S. Clark was named as executor in this document. The second will also gave the leasehold lot in Baltimore City to Frank Belton but it contained a residuary clause giving the rest of the testatrix estate, one-third to her brother, John T. Cooper, and two-thirds to her sister, Mollie, the wife of William Gladfelter. This will named Dallas M. Harrison as executor.

On June 26th, 1901, after the death of the testatrix, the will of February 21st, was produced and filed in the Orphans' Court and that tribunal was at the same time informed of the existence of the will of February 19th. The Court thereupon sent for Frank Belton who had the earlier will in his possession and he produced and filed that will in the Orphans' Court. The custody of both wills was proven but, before probate of either will was had, a separate caveat to each of them was filed by parties claiming to be the next of kin of the testatrix. Among the caveators to the will of February 19th, were John T. Cooper and Mary E. Gladfelter, the residuary devisees under the will of February 21st, together with William E. Gladfelter, Mary's husband.

At the time of the production of the two wills in the Orphans' Court and the filing of the caveats to them there was also filed a renunciation of the right to administer upon the estate which was signed by a number of persons professing to be all of the resident heirs at law and next of kin of the decedent. This renunciation contained an expression of the desire of the signers thereof that letters of administration *pendente lite* be granted to the present appellants, Dallas M. Harrison and William E. Gladfelter. The Court thereupon asked Frank Belton, who was the devisee of the leasehold lot under both wills, whether he had any objection to Harrison and Gladfelter as administrators *pendente lite* and he answering that he had no objection, letters of administration *pendente lite* were at once issued to them, and they qualified and took possession

of the personal estate. Clark, the executor named in the will of February 19th, was not in Court when these proceedings took place nor had he at that time any knowledge of them.

A few days thereafter a citation was issued to Harrison, the executor named in the will of latest date, and proceedings under the caveat to that will were set in motion. These proceedings resulted in an order of the Orphans' Court passed on October 2nd, 1901, setting aside the will of February 21st, upon the ground that the testatrix had in her lifetime been adjudicated to have been a lunatic, without lucid intervals, from February 19th, 1901, in a proceeding in Circuit Court No. 2, of Baltimore City.

A citation under the caveat to the will of February 19th, was then issued against Frank Belton and Stephen S. Clark, the legatee and executor named in that will, and they both filed answers in due course.

At that stage of the proceedings the appellee on October 24th, 1901, filed the petition which raised the issue presented by this appeal. This petition neither charges nor suggests any fraud or misconduct on the part of the appellants, nor does it even treat them as being still in office or pray for their removal. It recites briefly the proceedings to which we have already referred and then asks for the appointment of the appellee to the office of administrator *pendente lite* as if that position were then vacant. The appellants answered this petition standing upon their original appointment and insisting that it continued them in office until the validity of the several papers purporting to be wills of Annie L. Cooper had been finally determined.

The issue on the petition and answer came to a hearing and the Orphans' Court by its order of January 22nd, 1902, declared that the functions of the appellants as administrators *pendente lite* had "ceased" from October 2nd, 1901, the date of the setting aside of the first will, and appointed the appellee to that position. From that order the present appeal was taken.

This order by implication concedes the propriety of the

original appointment of the appellants and the only question directly presented by the record is whether their functions did cease and their official life end upon the passage of the order of October 2nd, 1901, which set aside and declared void the will of February 21st.

Sec. 68 of Art. 93, of the Code provides for the issue of letters of administration *pendente lite* in cases where the validity of a will is contested. Section 69 of the same Article provides that the grant of letters testamentary or of administration shall operate to revoke a previous grant of letters *pendente lite* and upon such revocation requires the administrator *pendente lite* to exhibit his accounts to the Orphans Court without delay and turn over the assets to his successor.

These sections do not say in express terms that the administrator *pendente lite* shall remain in office until the issue of letters testamentary or of administration, which can occur only after the controversy over the will has terminated, but that is their obvious meaning.

We do not understand the appellee to dispute the correctness of this construction of these two sections of the Code when there is a contest over a single will. His contention is that when several alleged wills of a testator naming different executors are produced in the Orphans' Court at the same time and caveats are filed to all of them and the issues as to the validity of the several wills are made up and tried *seriatim*, and letters of administration *pendente lite* are issued before the trial of the contest over any of the wills that the authority of such administrators expires after the trial of the issue upon one will and that a new administrator *pendente lite* must then be appointed to serve until the conclusion of the trial of the issue upon the next will and so on until one of the alleged wills has been declared valid or all of them have been set aside. The appellee bases his contention principally upon the ground that each person named as executor in one of the several alleged wills is before the probate of the will charged with the duty of maintaining it and should for that purpose be appointed administrator *pen-*

*dente lite* to hold office during the progress of the contest over that will and should be permitted to pay the costs and counsel fees of the litigation out of the assets in his hands.

· The appellee also invoked in aid of his contention the rule of the Orphans' Court, of which a copy is inserted in the record, providing that no caveator of a will or his solicitor shall be appointed administrator *pendente lite* unless it shall appear to the Court that such appointment is necessary for the care, protection and security of the estate, and he seeks to have that rule made applicable to this case because one of the appellants is a party to the caveat to the will of February 19th.

The chief reason for granting an administration *pendente lite* is to collect and preserve the estate until by the determination of a pending controversy it shall be decided whether the decedent left a valid will so that the Orphans' Court may know who is entitled to administer the estate. Until that controversy is finally determined the necessity for the administrator *pendente lite* continues and in the absence of any provision in the statute to the contrary it must be presumed that the law intends that he shall remain in office. A decedent can have but one valid will and even though a number of papers are produced in the Orphans' Court at the same time each purporting to be his will the controversy as to which if any of the papers in fact constitutes his valid and effectual will is after all but a single controversy and it is not ended until all the papers are declared void or some one or several of them taken together are held to constitute his will.

· The administrator *pendente lite* remains under the control of the Court and the parties interested in the estate are protected by his bond. He is entitled to a commission upon the assets, and if a succession of such administrators were appointed each one would under the law be entitled to a commission. The executor or administrator to whom full letters would issue after the termination of the contest would also be entitled to his commission. · Nothing short of a controlling necessity or a positive direction of law would justify the imposition of cumu-

lative commissions upon an estate in addition to the other expenses of administration.

Nor can we admit that the appellee should be made administrator *pendente lite* in order to enable him to use the assets of the estate in the employment of counsel to defend the caveat to the will of February 19th, in which he is named as executor. It is not the duty in this State of an administrator *pendente lite* to conduct at the expense of the estate a litigation to establish an alleged will of the decedent or to defend caveats to papers purporting to be wills. The contest in such litigation is between the next of kin and the parties claiming under the alleged wills. It is not litigation "for the recovery or security of any part of the estate" the cost of which may be allowed to an administrator under sec. 5 of Art. 93 of the Code. *Dalrymple* v. *Gamble*, 68 Md. 156. An executor after the will is probated is required to defend it against a caveat and will be allowed costs and reasonable counsel fees for doing so. *Compton* v. *Barnes*, 4 Gill, 55; *Townshend* v. *Brooke*, 9 Gill, 90; *Gorton* v. *Perkins*, 63 Md. 589; *Dalrymple* v. *Gamble, supra,* but he will not ordinarily be allowed costs or counsel fees for defending a will which has been caveated before probate. *Townshend* v. *Brooke, supra* ; *Gorton* v. *Perkins, supra.* But whatever may be his rights in that respect by reason of his being named as executor in the will now under consideration, those rights can be asserted by him at the proper time without his being made administrator *pendente lite.*

The validity of the original appointment of the appellants as administrators *pendente lite* is not directly called in question by the record but it was discussed in the argument of the case. Sec. 68 of Art. 93 of the Code provides that letters *pendente lite* in cases of contest over a will may at the discretion of the Orphans' Court be granted to the person named as executor, or to the person to whom the largest portion of the real estate may be bequeathed in such contested will or to the person who would have been entitled to letters of administration if the deceased had died intestate. Now one of the appellants was clearly within the description contained in that section as

he was the executor named in the will of latest date, and the other appellant was not only the husband of the decedent's sister and legatee, but he was associated with his co-administrator at the express request of the persons who would have been entitled to administration if there had been an intestacy, and who had renounced their own right to administer in order to leave the way clear for his appointment. It does not appear from the record that any real estate passed under either of the wills. Under these circumstances we think the appointment of the appellants as administrators *pendente lite* was made in substantial conformity with the provisions of the Code upon that subject and was valid. For the same reasons the Orphans' Court doubtless thought when issuing the letters that its rule to which reference has been made should not be so applied as to prevent their issue to the appellants.

Upon the whole case we are of the opinion that the appellants are still in office as administrators *pendente lite* and, for anything that appears in this record are entitled to hold their positions until they are vacated by the issue of letters testamentary or of administration at the conclusion of the controversy over the alleged wills. As the order appealed from disregarded the appellant's right and title it was improvidently passed and must be reversed.

*Order reversed with costs.*

(Decided June 17th, 1902.)