# HATTIE W. TATEM et al.

*vs.*

## ANNA MAY WRIGHT, Individually and as Executrix, et al.

*Caveat to Will—Framing of Issues—Appointment of Guardian ad Litem—Parties—Administrator Pendente Lite.*

Where a petition and caveat assailed a will and also codicils thereto, it was proper to refuse issues proposed by the caveators which in terms referred merely to "the alleged last will and testament" of deceased. p. 28

Issues should be framed concerning the matters set forth in the petition and answer, and should be so framed as to enable the jury to give a single answer one way or the other to the questions to be submitted. p. 28

Issues whether the will or codicils were signed by the testator and "attested and subscribed in the presence of two or more credible witnesses," were properly refused, the proper form, to conform to the statute, being whether the paper writing of a named date, purporting to be his last will and testament, was signed by the alleged testator "or by some other person in his presence and by his express direction, and attested and subscribed in his presence by two or more credible witnesses." p. 28

The orphans' court has authority to appoint a guardian *ad litem* for infant defendants on a caveat to a will, and to authorize him to employ counsel to represent their interest, especially when, the caveat having been filed before the probate of the will, there is no qualified executor to defend the will or the interest of the infants. pp. 28, 29

A caveat to a will is a proceeding *in rem,* and all parties in interest need not be made parties to the proceeding. p. 29

When a caveat is filed after the will has been admitted to probate and letters testamentary have been granted, it is the executor's duty to defend the will and to employ counsel for the purpose. p. 30

On a caveat to a will, *held* that infant children of a deceased child of decedent, though not necessary parties defendant, were, as being interested in the proceedings, proper parties thereto.

p. 30

A caveator to a will, who subsequently withdraws from the contest, should not appear as a party appellant in the titling of the case in the Court of Appeals.                    p. 30

One appointed as guardian *ad litem* for infant defendants in a caveat proceeding is not a party defendant, and his name should not appear as that of a party, in the titling of the case in the Court of Appeals.                    p. 30

Code, Art. 93, sec. 68, providing for the grant of letters of administration pending contest as to the validity of a will, applies where the will has not been probated, or where letters have not been granted upon the estate.                    p. 31

*Decided June 28th, 1921.*

Appeal from the Orphans' Court for Dorchester County.

Petition and caveat to the will of John N. Wright, deceased, by Frank Wright, Henry M. Wright, Lyda W. Elder and Hattie W. Tatem, praying process against Anne M. Wright, individually and as executrix, and against Robert Lee Wright and William Wright, infants. From an order refusing to transmit certain issues to the circuit court for trial, and ordering the transmission of certain other issues, Frank Wright and Lyda W. Elder, caveators, appeal. Reversed.

The issues submitted by the caveatees were as follows:

1. Was the paper writing, bearing date the 22nd day of November, 1899, purporting to be the last will and testament of John N. Wright, signed by the said John N. Wright or by some other person in his presence and by his express direction, and attested and subscribed in the presence of two or more credible witnesses?

2. Was the said John N. Wright, on the 22nd day of November, 1899, at the time the said paper writing, dated as

aforesaid, and purporting to be his last will and testament, was executed, of sound and disposing mind and capable of executing a valid deed or contract?

3.   Was the said paper writing, purporting to be the last will and testament of the said John N. Wright, procured by undue influence exercised and practiced upon him?

4.   Were the contents of the said paper writing, dated the 22nd day of November, 1899, purporting to be the last will and testament of the said John N. Wright, read to or by him, or known to him at or before the time of the alleged execution thereof?

5.   Was the said paper writing, dated the 22nd day of November, 1899, purporting to be the last will and testament of the said John N. Wright, procured by fraud?

6.   Was the paper writing, bearing date the 28th day of January, 1908, and purporting to be a codicil to the said last will and testament of the said John N. Wright, signed by the said John N. Wright, or by some other person in his presence and by his express direction, and attested and subscribed in the presence of two or more credible witnesses?

7.   Was the said John N. Wright, at the time the said paper writing, dated the 28th day of January, 1908, and purporting to be a codicil to his said last will and testament, was executed, of sound and disposing mind and capable of executing a valid deed or contract?

8.   Was the said paper writing, dated the 28th day of January, 1908, and purporting to be a codicil to the said last will and testament of the said John N. Wright, procured by undue influence exercised and practiced upon him?

9.   Were the contents of the paper writing, dated the 28th day of January, 1908, and purporting to be a codicil to the said last will and testament of the said John N. Wright, read to or by him, or known to him at or before the time of the alleged execution thereof?

10.   Was the said paper writing, dated the 28th day of January, 1908, and purporting to be a codicil to the said last

will and testament of the said John N. Wright, procured by fraud?

11. Was the paper writing, bearing date the 6th day of June, 1912, and purporting to be a second codicil to the said last will and testament of the said John N. Wright, signed by the said John N. Wright or by some other person in his presence and by his express direction, and attested and subscribed in the presence of two or more credible witnesses?

12. Was the said John N. Wright, at the time the said paper writing, dated the 6th day of June, 1912, and purporting to be a second codicil to his said last will and testament, was executed, of sound and disposing mind and capable of executing a valid deed or contract?

13. Was the said paper writing, dated the 6th day of June, 1912, and purporting to be a second codicil to the said last will and testament of the said John N. Wright procured by undue influence exercised and practiced upon him?

14. Were the contents of the said paper writing, dated the 6th day of June, 1912, and purporting to be a second codicil to the said last will and testament of the said John N. Wright, read to or by him, or known to him at or before the time of the alleged execution thereof?

15. Was the said paper writing, dated the 6th day of June, 1912, and purporting to be a second codicil to the said last will and testament of the said John N. Wright procured by fraud?

16. Was the paper writing, bearing date the         day of August, 1912, and purporting to be a third codicil to the said last will and testament of the said John N. Wright, signed by the said John N. Wright, or by some other person in his presence and by his express direction, and attested and subscribed in the presence of two or more credible witnesses?

17. Was the said John N. Wright, at the time the said paper writing, dated the         day of August, 1912, and purporting to be a third codicil to his said last will and testament, was executed, of sound and disposing mind and capable of executing a valid deed or contract?

18.   Was the said paper writing, dated the            day of August, 1912, and purporting to be a third codicil to the said last will and testament of the said John N. Wright, procured by undue influence exercised and practiced upon him?

19.   Were the contents of the paper writing, dated the day of August, 1912, and purporting to be a third codicil to the said last will and testament of the said John N. Wright, read to or by him or known to him at or before the time of the alleged execution thereof?

20.   Was the said paper writing, dated            the day of August, 1912, purporting to be a third codicil to the said last will and testament of the said John N. Wright, procured by fraud?

21.   Was the paper writing, bearing date the 20th day of December, 1916, and purporting to be a fourth codicil to the said last will and testament of the said John N. Wright, signed by the said John N. Wright or by some other person in his presence, and by his express direction, and attested and subscribed in the presence of two or more credible witnesses?

22.   Was the said John N. Wright, at the time said paper writing, dated the 20th day of December, 1916, and purporting to be a fourth codicil to his said last will and testament, was executed, of sound and disposing mind and capable of executing a valid deed or contract?

23.   Was the said paper writing, dated the 20th day of December, 1916, and purporting to be a fourth codicil to the said last will and testament of the said John N. Wright, procured by undue influence exercised and practiced upon him?  ·

24.   Were the contents of the said paper writing, dated the 20th day of December, 1916, and purporting to be a fourth codicil to the said last will and testament of the said John N. Wright, read to or by him, or known to him at or before the time the alleged execution thereof?

25.   Was the said paper writing, dated the 20th day of December, 1916, and purporting to be a fourth codicil to the said last will and testament of the said John N. Wright, procured by fraud?

The cause was argued before Boyd, C. J., Briscoe, Pattison, Urner, Stockbridge, and Offutt, JJ.

*T. Alan Goldsborough,* with whom was *A. Stengle Marine* on the brief, for the appellants.

*Frederick H. Fletcher,* with whom were *Emerson C. Harrington* and *Fletcher & Jones* on the brief, for the appellees.

Briscoe, J., delivered the opinion of the Court.

John N. Wright, of Dorchester County, died on the 7th of July, in the year nineteen hundred and twenty, leaving a last will and testament dated on the 22nd day of November, in the year 1899.

There were four codicils, subsequently executed by him, to the will. The first was made and dated on the 28th of January, 1908; the second was executed and dated the 6th day of June, 1912; the third is dated on the          day of August, 1912; and the fourth is dated on the 20th day of December, 1916.

Mr. Wright left surviving him, at the time of his death, five children and two grandchildren, the latter the children of a deceased son, Robert Lee Wright, as his next of kin and heirs at law.

On the 20th of July, 1920, Frank Wright, Henry M. Wright, Lyda W. Elder and Hattie W. Tatem, four of the children of the testator, filed a petition and caveat, in the Orphans' Court of Dorchester County, alleging that the petitioners and Annie May Wright, a daughter, and Robert Lee Wright and William Wright, infant children of Robert Lee Wright, are the only children and heirs at law of John N. Wright, deceased.

The petition further alleges that the paper writing purporting to be the last will and testament of John N. Wright, deceased, with the alleged codicils, were not in fact and in truth his will, or proper codicils thereto, but that Mr. Wright died intestate.

The petition also states certain specific grounds of caveat, the will not having been admitted to probate, which need not be here set out at length, and amongst other things prays that process may issue against Annie M. Wright, individually, and as executrix of the alleged will and the alleged codicils, and against Robert Lee Wright and William Wright, infants, to appear and answer the petition.

Subsequently, on the 19th of August, 1920, Mrs. Hattie W. Tatem withdrew her opposition to the will and asked that her name be withdrawn as one of the contestants against the will, and on the 7th of September, 1920, the orphans' court directed her name to be stricken out, as one of the petitioners and one of the caveators.

On the 7th of September, 1920, on application of the mother of the infants, Robert Lee and William Wright, the orphans' court appointed Charles E. Barnett guardian *ad litem,* to answer and defend for the infants and to employ such counsel as may be necessary to defend the will and codicils.

On the 21st of September, 1920, an answer was filed by Anna May Wright, individually, and as executrix of the will and codicils of the testator, admitting certain allegations of the petition, but denying that the paper writing and codicils referred to in the petition is other than the true last will and codicils of John N. Wright, deceased, in fact and truth, and avers that they are for twenty-five specific reasons, fully and particularly set out in the petition, the true last will and codicils of the testator, named therein. And prays that the petition may be dismissed and the will and codicils be executed under the direction of the orphans' court.

The answer of Charles E. Barnett, the guardian *ad litem* of the infants, was filed on the 21st of September, 1920, and it neither denies nor admits, on behalf of the infants, the allegations of the petition, but puts the caveators to full proof thereof.

On the 18th of January, 1921, the caveators filed a petition, asking that the questions of fact at issue upon their caveat to the will and codicils, and the answers thereto, be transmitted for trial to a court of law, and proposed the following five issues:

(1) Was the said alleged last will and testament of John N. Wright signed by the said John N. Wright or by some other person in his presence and by his express direction and at his request, and in his presence attested and subscribed by two or more credible witnesses?

(2) Was the said alleged last will and testament of John N. Wright executed by the said John N. Wright when he was of sound and disposing mind and capable of executing a valid deed or contract?

(3) Were the contents of the said alleged last will and testament of John N. Wright read to or by him or known to him at or before the time of the alleged execution thereof?

(4) Was the execution of the said alleged last will and testament of John N. Wright procured by undue influence exercised and practiced upon him?

(5) Was the execution of the said alleged will and testament of John N. Wright procured by fraud?

The caveatees, on the 18th of January, 1921, submitted, by petition to the orphans' court, twenty-five issues, that is five separate issues were submitted to each of the five testamentary papers, the last will and testament and the four codicils to the will.

Whereupon, the orphans' court, on the 18th day of January, 1921, passed an order rejecting and refusing the five issues proposed by the caveators, but ordering the caveatees' twenty-five issues to be sent to the Circuit Court for Dorchester County, to be tried by a jury. We request the reporter to set out the caveatees' twenty-five issues at length, in his report of the case.

From the order of the orphans' court, dated the 18th of January, 1921, refusing to transmit the five issues submitted

by the caveators, and ordering to be transmitted the twenty-five issues herein stated, for trial, this appeal has been taken.

There was no error committed in rejecting the five issues proposed by the caveators. The petition and caveat filed by them assailed both the will and the codicils, and the issues were not framed to properly cover the allegations of the petition. Issues should be framed concerning the matters set forth in the petition and answer, and should be so framed as to enable the jury to give a single answer one way or the other to the questions to be submitted. *Richardson* v. *Smith,* 80 Md. 92; *Cross* v. *Burneston,* 91 Md. 389; *Ward* v. *Poor,* 94 Md. 141; *Taylor* v. *Nuttle,* 62 Md. 345.

The defendants' first, sixth, eleventh, sixteenth and twenty-first issues relate to the mode of the execution of the will and the four codicils and were immaterial and improper issues. The jury were asked to decide by each of these issues whether the will or codicils were signed by the testator and "attested and subscribed in the presence of two or more credible witnesses." The proper form of such an issue, to conform to the statute, should be such as is stated in *Harris* v. *Hipsley,* 122 Md. 424, to wit: (1) "Whether the paper writing, dated the 24th day of January, 1905, purporting to be her last will and testament, was signed by said Mary A. Harris, or by some other person in her presence and by her express direction, and attested and subscribed in her presence by two or more credible witnesses." *Code,* Art. 93, Sec. 323; *Stirling* v. *Stirling,* 64 Md. 138; *Brewer* v. *Barrett,* 58 Md. 587.

No valid objection has been urged to the remaining issues, presented by the caveatees, and granted by the orphans' court. They appear to clearly present the questions to be answered and passed upon by a jury in a court of law and have been, in substance, approved by a number of cases in this Court.

While the orphans' court is a court of limited jurisdiction and denied the exercise of any power not conferred by law, we are not prepared to hold it has no authority to appoint a guardian *ad litem* for infant defendants, in a caveat to a will,

and to authorize him to employ counsel to represent their interest. Infants are always regarded as under the especial protection of the orphans' court, and in this case the caveat was filed before probate of the will. There was no qualified executor to defend the will and codicils, or the interest of the infants.

In *Davis* v. *Jacquin,* 5 H. & J. 110, it is said that the power of appointing guardians *ad litem* is incident to all courts, and they are admitted by the court for the particular suit, on the infant's personal appearance. *Friedenwald* v. *Burke,* 122 Md. 162; *Deford* v. *State,* 30 Md. 179; *Friedenwald* v. *Burke,* 123 Md. 514; *Hinkley's Testamentary Law,* 1603.

In *Mills* v. *Shillington,* 22 Md. 346, the orphans' court passed an order that George C. Humes and Mareen D. Humes, the infant children of George Humes, be admitted by their next friend, Leonard J. Mills, as caveators, to contest the validity and probate of the will. Subsequently, a petition was filed, asking that the former order appointing Mills as next friend be modified and that Susan Duvall be substituted as next friend. This application was refused by the court and from this refusal the caveators appealed, and in reversing the order this Court said: The analogy between proceedings in chancery and in the orphans' court, would have justified the court in ordering the substitution, and we think it was error in the court to refuse to do so.

In *Robinson, Excr.,* v. *Jones,* 105 Md. 62, the orphans' court appointed a guardian *ad litem* for the three infants and directed them to be made defendants in the case, with the executor named in the will, and no objection appears to have been made to the action of the court in this respect, on appeal to this Court.

It is well settled in this State that a caveat to a will is a proceeding *in rem* and all parties in interest need not be made parties to the proceeding. *Worthington* v. *Gittings,* 56 Md.

547; *McCambridge* v. *Walraven,* 88 Md. 380; *Munnikhuysen* v. *Magraw,* 57 Md. 192.

When a caveat is filed after a will has been admitted to probate and letters testamentary have been granted, it is the duty of the executor to defend the will and to employ counsel for this purpose. *Mead* v. *Tydings,* 133 Md. 608; *Miller* v. *Gehr,* 91 Md. 710; *Koenig* v. *Ward,* 104 Md. 564.

When the validity of a will is contested by a caveat before the will has been probated, the law provides for the appointment of an administrator *pendente lite,* as provided by statute. *Code,* Art. 93, Sec. 68; *Pindell* v. *Pindell,* 40 Md. 538; *Grill* v. *O'Dell,* 111 Md. 65; *Harrison* v. *Clark,* 95 Md. 308.

In the present case, the orphans' court ordered, upon the trial of the issues in the court of law, that Frank Wright, Henry M. Wright, and Lyda W. Elder, shall be plaintiffs, and Anna May Wright, individually and as executrix of John N. Wright, deceased, and the two infants, Robert Lee Wright and William Wright, shall be the defendants.

While the infants, in this case, were not necessary parties as defendants, they are however interested in the controversy and were proper parties to the caveat proceedings. Their joinder as defendants was not such a misjoinder of defendants or error as, standing alone, would justify a reversal.

The titling of the case, however, as it appears on the docket of this court, is clearly wrong. Mrs. Hattie W. Tatem has withdrawn from the caveat contest, and Charles E. Barnett, guardian of the infant defendants, is not a party defendant. The order of the orphans' court, sending the issues to the circuit court for trial, made Frank Wright, Henry M. Wright and Lyda W. Elder, plaintiffs, v. Anna May Wright, individually and as executrix of John N. Wright, and Robert Lee Wright and William Wright, as defendants. This error can be corrected on the remand of the case. *Munnikhuysen* v. *Magraw,* 57 Md. 192; *Harrison* v. *Clark,* 95 Md. 308.

The Code, Art. 93, Sec. 68, provides that in all cases where the validity of a will is or shall be contested, letters of

administration pending such contest may, in the discretion of the orphans' court, be granted, etc., etc., and this section applies where the will has not been probated, or where letters have not been granted upon the estate. The will in this case had not been admitted to probate and there was no reason why the regular proceeding should not have been followed, and an administrator *pendente lite* appointed. *McIntire* v. *Worthington,* 68 Md. 203; *Pindell* v. *Pindell, supra; Baldwin* v. *Mitchell,* 86 Md. 380; *Renshaw* v. *Williams,* 75 Md. 498; *Harrison* v. *Clark,* 95 Md. 308.

Being of opinion that the Orphans' Court of Dorchester County committed an error in passing the order of the 18th of January, 1921, this order will be reversed, and the case will be remanded in order that the several issues which we have indicated are proper may be transmitted for trial and further proceedings be had in conformity with this opinion.

*Order reversed and cause remanded.*