ISAAC GLASS AND OTHERS, *vs.* ISAAC RAMSEY AND HUGH JENKINS.—*June* 1851.

The finding of a jury upon the trial of issues framed upon a *caveat* to a will, is conclusive, with respect to all questions touching the validity of the will.

But when such a verdict is introduced to defeat a claim by the executors, for costs and expenses incurred in resisting the *caveat,* upon the ground that it imputed fraud to the executors in the procurement of the will, it is collaterally introduced, and is open to examination.

After probate of a will and grant of letters testamentary, counsel fees and costs will be allowed to the executors for resisting a *caveat* to the will, and such executors will also be allowed their commissions.

APPEAL from the orphans court of *Baltimore* county.

The will of *George Hutson,* deceased, was admitted to probate, and letters testamentary granted to the appellees, named therein as executors. Afterwards, a *caveat* was filed by the appellants, praying that the probate of this will might be revoked and the will set aside. Certain issues were then framed and sent to *Baltimore* county court for trial, and among others,

the following. The appellees were the defendants in the trial of these issues:

4th. " Whether the executors of said paper or instrument of writing, by the said *George Hutson*, was procured by fraud or fraudulent misrepresentation by the defendants, or either of them, or by others acting with their privity or by their direction."

The jury found a verdict for the caveators on all the issues, and on appeal, the judgment of the county court pronounced upon this verdict was affirmed, (see *ante* 56,) by this court. Thereupon, the orphans court, on the 4th of June, 1850, passed an order, revoking the probate of the will, the grant of letters testamentary to the appellees, and granting letters of administration, on the personal estate of the deceased, to a brother of the deceased.

The executors, the appellees, then exhibited an administration account, in which they claim an allowance for counsel fees, costs and expenses incurred by them in resisting the *caveat* to the will, and also their commissions of five *per cent*. The balance of the personal estate, amounting to $17,287.35, they paid over to the administrator, who executed a receipt and release therefor. The appellants filed exceptions to the allowance of the several items of this account, embracing said counsel fees, costs, expenses and commissions.

Depositions were then taken and filed in the cause, showing that the charges for counsel fees were moderate and reasonable, and clearly exhonerating *Hugh Jenkins*, one of the said executors from any fraud or practice of any kind touching said will; and showing that he knew nothing of the execution or the existence thereof, until after the death of the testator, *George Hutson*. It was agreed, that these depositions should be admitted upon the questions relating to the accounts of the executors, " subject, nevertheless, to objections on the ground of inadmissibility." Further evidence was also taken, showing that said executors had duly given bond, and proceeded faithfully in the discharge of their duties as executors, selling under the

order of the orphans court certain leasehold property of the deceased, &c.

Upon this testimony the orphans court, on the 8th of October, 1850, being of opinion that the said executors are entitled to an allowance out of the estate for all costs and expenses properly incurred by them in resisting said *caveat*, as well in said orphans court as in *Baltimore* county court, and the Court of Appeals, passed an order allowing said claims, as stated in their account, and also the commissions claimed by them. From this order the appellants appealed.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J.

KILBOURN and MAULSBY for the appellants, insisted upon a reversal of the order.

1st. Because the finding of the jury in the trial of the *caveat*, is conclusive evidence of the facts therein contained, and no evidence is admissible to invalidate or contradict it.

2nd. The participation of the appellees in the fraudulent procurement of the said will, bars them, in law and equity, from claiming and receiving compensation for their expenses in employing counsel to defend the same, and from any other expenses consequent upon their defending and attempting to establish the same, and from all claim for commissions as executors.

NELSON for the appellants, contended for an affirmance. Because the counsel fees and expenses allowed by said order, were incurred by the appellees in the discharge of their duties as executors, and were properly chargeable upon the estate.

MARTIN, J., delivered the opinion of this court.

By the agreement of counsel in this case, it is stipulated, that the depositions filed in the proceeding before the orphans court, shall be made a part of that proceeding, subject to all objections

on the ground of admissibility, and from the points filed by the counsel for the appellants, we find, that the only exception taken to the admissibility of these depositions is, that they cannot be introduced to establish or contradict the finding of the jury in the trial of the *caveat*, in which the verdict imputes to both the appellees the fraudulent procurement of the paper purporting to be the last will and testament of *George Hutson*, out of whose estate compensation is now claimed by them for costs and expenses in employing counsel to resist the *caveat*.

It is certainly true, that this finding of the jury is to be treated as conclusive, with respect to all questions touching the validity of the will. The case of *Reed vs. Jackson*, 1 *East.*, 355, cited by the counsel for the appellants, sustains this proposition. But when upon a new and different issue, founded on a claim for costs and expenses incurred by the appellees in the discharge of the duties imposed upon them as executors by the letters testamentary, the finding of the jury upon the *caveat* is collaterally introduced, to affect the propriety or legality of such claims, it is like all other evidence of that character, open to explanation. And taking the depositions furnished by the counsel of the *caveators*, or the trial before the orphans court, into consideration, the conduct of *Hugh Jenkins*, one of the executors, is relieved from all imputation of fraud, so that the order of the orphans court, allowing to the appellees, counsel fees and costs, is covered by the opinion of this court in the case of *Compton vs. Barnes*, 4 *Gill*, 55.

There is no ground for disputing the correctness of the order of the orphans court allowing to the appellees their commissions. These were allowed for services actually rendered to the estate, by the appellees, as executors, and the propriety of this order also, is fully vindicated by the case of *McKim and Marriott, vs. Duncan*, 4 *Gill*, 72.

The order of the orphans court is therefore affirmed.

ORDER AFFIRMED