ALONZO M. G. GORTON, Executor of THATCHER PERKINS *vs.* MARGARETTA E. PERKINS.

*Executor—Caveat to a Will—Devisee—Jurisdiction of Orphans' Court—Counsel—Action at Law.*

After the filing of a caveat to a will, an agreement in writing was entered into by the widow and sole devisee of the testator to pay a retaining fee of $600 to the counsel employed to defend the will, and an additional fee of $1500 in the event that the will should be sustained. The retainer was paid. A compromise was subsequently entered into and the caveat was abandoned on the payment of a specified sum to the caveator. The widow consented to the compromise, and agreed that eight hundred dollars should be paid to the counsel in view of such compromise, instead of fifteen hundred dollars, the amount originally stipulated. On a petition by the executor asking authority from the Orphans' Court to pay the sum of eight hundred dollars to counsel as agreed upon, and that he be allowed for the same in his next account, it was HELD:

1st. That it was not a case in which services of counsel were rendered to an executor in resisting a caveat to a will, but one in which the services were rendered for, and to be paid by, the devisee named in the will; and the Orphans' Court had no jurisdiction to enforce an agreement thus made.

2nd. That the remedy of counsel was by an action at law against the party with whom the agreement as to compensation was made.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and IRVING, J.

*Edward Higgins,* and *Bernard Carter,* for the appellant.

*W. Hall Harris,* and *Charles J. Bonaparte,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The testator devised his entire estate to his wife by a second marriage, and appointed the appellant executor of his will. Before the will was admitted to probate, a *caveat* was filed by the daughter of the testator, and only child by the first marriage. The *caveat* was subsequently abandoned on the payment of thirty-five hundred dollars by the widow and sole devisee under the will, to the daughter, the *caveator.*

This is an appeal from an order of the Orphans' Court dismissing the petition of the executor, in which he asked authority from said Court to pay eight hundred dollars, in addition to six hundred dollars, already paid the counsel who represented the defendants in this litigation.

Now it is well settled that when a *caveat* is filed *after a will has been admitted to probate and letters testamentary have been granted,* the executor is entitled to an allowance for counsel fees, because it is his duty under such circumstances to defend the will thereby assailed. *Glass, et al. vs. Ramsey and Jenkins,* 9 *Gill,* 456; *Compton vs. Barnes, et al.,* 4 *Gill,* 55.

Whether an executor is entitled to an allowance for counsel fees in resisting a *caveat* to a will *before the will has been admitted to probate,* is a question not necessary to be decided in this case.

The caveat was filed, it is true, before the will was admitted to probate, but it does not appear, from the face of this petition, that the counsel were employed by the executor to resist the caveat, nor that their services were rendered upon the faith of an agreement on his part that they should be paid *by him as executor.* On the contrary, the several allegations, when considered together, plainly show, that the agreement for compensation, and the

amount was made between the counsel and *the widow,* the *sole devisee under the will,* and that the estate in the hands of the executor was the *fund* out of which such compensation was to be paid.

In the first part of the petition, it is alleged that upon the filing of the caveat, Mr. Carter and Mr. Higgins were employed to represent the defendants, " *Mr. Carter having been employed at the instance of the widow, and Mr. Higgins at the suggestion* " of the executor. Now, if the petition had stopped here, it might be inferred that Mr. Higgins was employed and was to be paid by the executor. But the petitioner then alleges, that when said counsel were employed, an agreement was made as to their compensation, whereby it was agreed that they should receive a retainer of $600, and the further sum of $1500, in the contingency that the will should be sustained ; *that thereupon Margaretta E. Perkins (the widow and sole devisee) entered into a stipulation* in writing, requesting the executor to pay the retaining fee, and *another stipulation in writing* requesting him to pay the contingent fee of $1500; that he paid the $600 retaining fee, and agreed to pay the contingent fee out of the estate.

The petition further shows, that the terms of compromise were submitted to the widow, and agreed to by her, and that she further agreed that $800 should be paid to the counsel in view of such compromise, instead of $1500.

It thus appears that the services of counsel were in fact rendered to the widow; that the agreement as to their compensation was made with her—" *the stipulation* " for the payment of the contingent fee of $1500 was made with her, and the subsequent agreement for the payment of $800 instead of $1500 upon the compromise of the case was also made with her, the executor being designated merely as the person by whom the payment was to be made. In other words, if the will was sustained, the executor was to be the paymaster for the widow, to whom

the whole estate passed under the will. This is not then a case in which services of counsel are rendered to an executor in resisting *a caveat* to a will, but one in which the services are rendered for and to be paid by the devisee named in the will. Under such circumstances, the Orphans' Court had no jurisdiction to enforce an agreement thus made ; the claim for compensation as counsel under this agreement is not part of the costs of the administration of the estate which the Court have the right to allow an executor. The remedy of counsel must be in an action at law against the parties with whom the agreement as to compensation was made. The fact of filing a petition in the name of an executor, does not in itself, make the estate liable, nor entitle the executor to an allowance for counsel fees thus claimed.

For these reasons the order of the Orphans' Court will be affirmed.

*Order affirmed.*

(Decided 23rd June, 1885.)