JOSEPH A. MILLER AND JOHN T. MEYERS, ADMRS. OF JOHN H. MILLER, *vs.* GEORGE R. GEHR AND JONAS BACHMAN, EXTRS. OF JOHN H. MILLER.

*Allowance of Counsel Fees to Executors for Defending Caveat to a Will—Jurisdiction of the Orphans' Court—Issues to a Court of Law—Appeal.*

After the probate of a will and the grant of letters testamentary, it is the duty of the executors to appear to and defend a caveat to the will and to employ counsel for that purpose. And the Orphans' Court has jurisdiction to order compensation to be paid to such counsel upon an *ex-parte* application of the executors.

But when fees are allowed to counsel employed by an executor to defend a caveat, upon an *ex-parte* application, the parties in interest may subsequently object to the amount of such fees, if unreasonable,

and an appeal lies from an order of the Orphans' Court refusing to reduce the amount of the allowance.

Upon a petition to rescind an order of the Orphans' Court allowing compensation to counsel employed by the executor to defend a caveat to the will, the parties are not entitled to have issues sent to a Court of law to submit to a jury the question whether the fee allowed was proper and reasonable or not.

Under Code, Art. 93, sec. 5, the Orphans' Court is authorized to make an allowance to executors for fees and expenses incurred in defending a caveat to a will, but parties in interest are entitled to object to the amount of such allowance and offer evidence as to its reasonableness, and an appeal lies from an order dismissing a petition asking for the rescission of the order making the allowance without affording petitioners an opportunity to offer proof in support of their allegations.

Appeals from the Orphans' Court of Carroll County.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Jas. A. C. Bond* (with whom were *John M. Reifsnider, Charles E. Fink* and *Francis M. Parke* on the brief), for the appellants.

This appeal is taken from an order of the Orphans' Court of Carroll County, *arbitrarily fixing counsel fees and dismissing two petitions filed by the appellants asking for a hearing on the reasonableness and fairness of said fee allowance.* Whilst conceding on the authorities of *Compton* v. *Barnes,* 4 Gill, 55; *Townshend* v. *Brooke,* 9 Gill, 91; and *Glass* v. *Ramsey, id.* 459, the right of the executors to employ counsel to defend the will and also to have such counsel paid out of the estate (the will having been probated before caveat filed) the appellants deny the monstrous proposition involved in the order, that it is in the power of the Court to deprive them or any other citizen of their property without hearing or trial and according to the discretion or caprice of the Court. There can be no occasion in this Court to refer to principles or cite cases showing that such an order is abhorrent to the fundamental spirit of our laws. The cases of

*Compton* v. *Barnes*, 4 Gill, 55, and *Glass* v. *Ramsey*, 9 Gill, 459, are similar cases to this and they both distinctly recognize what is contended for here. The appellants were entitled on the proceedings to a hearing or trial on the issue or question of fact raised in the case.

*William H. Thomas* (with whom were *Reifsnider & Grimes* on the brief), for the appellees.

The burden was on the appellants to show by competent and satisfactory proof that the Court was in error in its former judgment and decision as to the reasonableness of the fee allowed, and if they desired a further appeal to this Court it was their duty to have such proof reduced to writing in order that this Court might review the decision of the Court below. To ask the Orphans' Court to rescind its order without any proof or reason shown why it should do so is not more remarkable than the proposition, presented by the first appeal in this case, that this Court should reverse the order of the Orphans' Court, allowing the fee referred to, without any knowledge of the facts upon which that order was passed. How can this Court know, for instance, that the amount of the estate involved in the trial of the will case below was between $35,000.00 and $40,000.00? How can this Court know that the fee of $200.00, referred to in the petition and objections of the appellants, was allowed to Messrs. Reifsnider & Reifsnider, attorneys, in part for services rendered the executors in the administration of the estate and in part for services rendered in connection with said caveat in the Orphans' Court prior to the appointment of the senior member of said firm to the bench? How can this Court know that there were between seventy-five and one hundred witnesses examined in the trial of said case? How can this Court know that the testimony of eminent experts was produced on the behalf of both the caveators and caveatees, and how can this Court know how obstinately said case was contested by the parties thereto? All of which matters were within the knowledge of the Orphans'

Court and pertinent to the determination of what was a reasonable and proper fee to be allowed counsel for the appellees? *Shafer* v. *Shafer*, 85 Md. 554; *Bradford* v. *Mackenzie*, 89 Md. 763; *Stanley* v. *Safe Deposit Company*, 87 Md. 450; *Code*, Article 5, section 59; *Black on Judgments*, vol. 1, sec. 351; *Biddison, Admr.*, v. *Mosely et al.*, 57 Md. 94.

There was no error in the refusal of the Orphans' Court to rescind its order of March 26th, 1900, allowing the fee of $1,500.00, or in the order of said Court of April 2nd, 1900, setting the appellants' first petition and motion down for a hearing, or in the dismissal by said Court, by its order of April 5th, 1900, of the appellants' first petition and motion, and that this Court, on the record in this case, cannot review the order of the Orphans' Court of March 26th, 1900, allowing the fee of $1,500.00.

The third appeal in this case is from the refusal of the Orphans' Court to grant plenary proceedings on the appellants' petitions and to send the issues presented by their second petition to the Circuit Court. Under the circumstances of this case, it was the right and duty of the Orphans' Court to pass an order allowing the executors *a reasonable* counsel fee, and that what was a *reasonable* fee under the circumstances was a matter for the judgment and determination of that Court. The Orphans' Court having determined the matter, the object and purpose of the appellants' petition were to have its action, its judgment and determination, reviewed by a jury in the Circuit Court.

The Code provides, Art. 5, sec. 58, that " from all decrees, orders, decisions and judgments made by the Orphans' Court, the party who may deem himself aggrieved by such decree, order, decision or judgment, may appeal to the Court of Appeals," and this Court, in *Compton* v. *Barnes et al., supra,* has said that a party interested " has, by virtue thereof, a right to call upon this Court to determine the legality of the order, and the reasonableness of the allowance to be paid counsel," but nowhere in the statutory law or the adjudications of this State do you find it intimated that a

judgment or order of the Orphans' Court is subject to review by a jury. On the contrary, when, for the first time, the same proposition was asserted, though not so boldly as presented by the record in this case, this Court, in the case of *Stanley* v. *Safe Deposit Co.*, 87 Md. 450, referred to above, was quick to detect its presence and to announce its disapproval.

BOYD J., delivered the opinion of the Court.

There are four appeals in this record, one of which was from an order of the Orphans' Court of Carroll County, passed on the *ex-parte* application of the executors of John H. Miller, authorizing and directing them to pay a fee to the attorneys who represented the executors in a contest over the last will and testament of said Miller, which resulted in a verdict for the caveators, and the others were from subsequent orders of that Court passed in reference to petitions filed by the appellants. The first was passed on the 26th of March, 1900, authorizing and directing the executors to pay to Messrs. Reifsnider & Grimes, and William H. Thomas, attorneys, a fee of $1,500.00 for services in the trial of the caveat. The following day the administrators and the next of kin of said Miller filed a petition alleging that the fee was excessive, oppressive and unreasonable, objecting to another fee allowed Messrs. Reifsnider, & Reifsnider on February 12th, 1900, and praying that the order be rescinded and that the petitioners "may have their objections to said allowance inquired into and the grounds for said allowances examined, to the end that justice and right may be obtained." The Court on April 2nd, passed an order setting down the petition for hearing, with leave to the parties "to offer proof at said hearing," and the appellants then filed another petition in which they asked that the original one be taken as part of that and prayed that issues be framed and transmitted to a Court of law. On the 6th of April the Court passed an order dismissing both petitions. An appeal was then entered from the original

order allowing the fee, the one of April 2nd and the one of April 6th, dismissing the two petitions.

A motion to dismiss all the appeals was made because the record was not transmitted to this Court within thirty days after the appeal was prayed, but an affidavit of the Register of Wills was filed, in which it is stated that the delay and omission to transmit the record within the time prescribed by law, was occasioned by *his* inability, due to press of other work in his office. No counter affidavits have been filed and under section 38 of Art. 5 of the Code this motion must be overruled. A motion was also made to dismiss the appeal from the first order mentioned because there is no evidence in the record to enable the Court to pass upon the questions involved therein.

It was conceded at the argument that the attorneys for the executors were entitled to some compensation, but the allowance of it on an *ex-parte* application, without giving the appellants an opportunity to be heard, is objected to. The record does not distinctly state whether the will was admitted to probate and letters testamentary granted before the caveat was filed, but from what we gathered at the argument, we understand that such was the case and, in the absence of something in the record to the contrary, must assume it to be so. Executors are entitled to expenses, not personal, necessarily incurred by them in the discharge of their duties and it has been expressly decided in this State that, after the probate of a will and grant of letters testamentary, it is their duty to appear to and defend a caveat to the will under which they are acting, and make all necessary preparations for trial, including, of course, employment of counsel. *Compton* v. *Barnes*, 4 Gill, 55; *Townshend* v. *Brooke*, 9 Gill, 90; *Glass* v. *Ramsey*, *ibid.* 456; *Gordon* v. *Perkins*, 63 Md. 589. In *Townshend* v. *Brooke*, our predecessors said that authority was expressly given the Orphans' Court to pass an order for such compensation under the statute, which is still in force and now a part of section 5 of Art. 93 of the Code.

With the order of March 26th, 1900, there was filed a certificate of nine members of the Carroll County Bar, certifying that the sum of $1,500.00 would be a reasonable and proper fee to be allowed.   It being within the power and jurisdiction of the Orphans' Court to allow a fee for such services, its order was not void, notwithstanding it was passed without notice to the appellants.   In the settlement of estates the Orphans' Courts are frequently called upon to act on claims, etc., which may affect the interests of the distributees and the amounts they will ultimately receive, without notice to them or to the personal representatives of the deceased.   If notice must be given in all cases, estates would oftentimes be subjected to heavy and useless costs in bringing the parties before the Court, and when the allowance of counsel fees is within their jurisdiction an order making such an allowance cannot be said to be void, merely because notice of their proposed action had not been given to those interested.   It is the constant practice of Courts of Equity to pass such orders without notice, although the correct practice is to pass them subject to exceptions, so that they can be inquired into before the auditor, if desired.   When it is done in the Orphans' Court without notice the proper parties can still object to the allowance in the account of the executor or administrator, if the objection be made in due time, which may depend upon circumstances, but in the absence of fraud, or some misconduct, should usually be limited to the time of the passage of the account and payment of the money.   When the Court has the power to make such an allowance the amount must, in a great measure, be left to its discretion, but as the fee must be a reasonable one, (taking into consideration the nature of the services performed, the amount involved and any other matters reflecting upon the reasonableness of the charge) if it is alleged to be excessive and unreasonable, the parties in interest should be given an opportunity to establish their allegations, and if, upon hearing, the Court is convinced that it is an unreasonable fee it should reduce it

and upon refusal to do so an appeal can be taken to this Court. In this case the Court did, on April 2nd, pass an order setting down for hearing the petition filed, with leave to both parties to offer proof, which meant proof concerning the allegations of the petition which alleged the fee was excessive and unreasonable and prayed the Court to rescind the order. There being nothing on the face of the proceedings to show that the Court acted without authority in passing the order, and there being no evidence to show the amount named was unreasonable, the appeal from the order of March 26th, 1900, will be dismissed, as the order of April 2nd gave the appellants full opportunity to be heard and must be considered in connection with the previous one.

The order of April 2nd was not only proper, but was in pursuance of the prayer of petitioners that they " may have their objections to said allowances inquired into and the grounds for said allowances examined." It must therefore be affirmed.

Nor do we find any error in the order of April 6th, in so far as it dismisses the petition filed April 3rd. There is nothing material in it that was not in the original petition, excepting the application to have issues sent to a Court of law. Those asked for are, 1st, whether or not the attorneys named should be paid the sum of $1,500.00 for services rendered in the caveat case; 2nd, whether it is a proper and reasonable fee, and 3rd, whether it is excessive. In the first place there was an order of the Orphans' Court then in force which allowed that fee. The Court having jurisdiction to pass the order, it would have been improper to have a jury pass on questions which would have been wholly irrelevant and immaterial, unless the order was first rescinded. It would practically be giving a jury the power to determine whether an order passed by a Court of competent jurisdiction should be revoked, if any effect could be given to the finding of the jury. But, in addition to that, we do not think that such issues were proper. It is for the

Orphans' Court to determine, what fee shall be allowed the attorneys who represented the executors, and it is not a proper subject for issues.   The Orphans' Court is bound by the finding of a jury on issues properly framed and transmitted to a Court of law, and therefore if the allowance of fees is a proper subject for the consideration of a jury, it, and not the Court, would determine that question.

This brings us to the last appeal—from the part of the order of April 6th, dismissing the petition of March 27th. In that we think there was error.   Although the statute does authorize the Orphans' Court to allow the costs and extraordinary expenses " which the Court may think proper to allow," its action can be reviewed by this Court as to the reasonableness of the allowance.   It was said in *Compton* v. *Barnes*, *supra*, that the appellant had the " right to call upon this Court to determine the legality of the order and the reasonableness of the allowance to be paid counsel." The appellants, by the petition filed March 27th, sought to have the reasonableness of the fee inquired into, and the Orphans' Court fixed April 6th as the time of the hearing of the petition.   There is not only nothing in the record to show that the appellants were unwilling to offer proof on that subject, but it was apparently because they had filed another petition asking the Court to have issues sent to a Court of law and the Court was of the opinion that that should not be done, that it dismissed both petitions.   We have said that it was right in dismissing the one of April 3rd, but unless the appellants refused to proceed under the first it is manifest they had the right to do so, and the Court was not justified in thus summarily dismissing the original petition.   They had not had a hearing before the order was passed, and when they so promptly came into Court and asked to be heard they could not properly be denied that right, simply because they also sought to have issues sent to a Court of law.   The privilege should have been given them of proceeding under the first petition and then the Court could have determined whether there was

any reason for rescinding the order already passed, and, if so, pass one in accordance with its conclusions reached after the hearing. If not satisfied with the decision of the Orphans' Court the petitioners would then have been entitled to have its action reviewed by this Court on the testimony to be incorporated in the record. We cannot now pass on that question because there is no evidence before us, but as it is not shown that the appellants declined to offer proof under the first petition, after issues were refused as prayed for in the second, they were entitled to do so, and we must reverse so much of the order as dismissed the petition of March 27th, 1900.

> *Appeal from order of March 26th, 1900, dismissed; order of April 6th, 1900, dismissing petition filed March 27th, reversed and the others affirmed—each side to pay one-half of the costs in this Court and the costs below to abide the final result, and cause remanded.*

(Decided November 15th, 1900.)