## MARY A. APPLER et al. *vs.* JOSEPH P. MERRY-MAN, Admr.

*Appeal From the Orphans' Court—Finality of Order—Amending Petition.*

A petition was filed asking the Orphans' Court to remove an administrator on account of an alleged failure to render an account and other delinquencies charged in general terms. The administrator's answer alleged the preparation of an account, its acceptance by the petitioners, payment to them of their shares of the estate, and denied the allegations of delinquency. The Orphans' Court refused to allow an amendment of the petition and passed an order dismissing the same, with leave to the petitioners to file a new petition. *Held,* that no appeal lies from this order since it is not final in its nature.

Even if the Orphans' Court has power to permit amendments to be made to pleadings in proceedings before it, the granting or refusing the privilege of amendment is a matter within the discretion of the Court and no appeal lies from its action.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Ward Baldwin Coe* and *Duke Bond* (with whom was *Richard A. Ford* on the brief), for the appellants.

*Thomas C. Weeks*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City dismissing a petition filed by the appellants as distributees of the estate of Marguerite E. Bullock, praying for the removal of the appellee from the position of administrator of the estate. The only relief asked for by the petition was the removal of the administrator and the appointment of a new one in his place. The grounds relied on by the petitioners were an alleged failure on his part to render any account, and various other delinquencies with which he was charged in the petition in general terms without specification of the particular transactions complained of.

The appellee answered the petition under oath averring that he had prepared an account, which was submitted to and approved by the counsel for the appellants, and left it with his vouchers in the hands of the auditor of the Court, and that he had overpaid to the appellants their respective shares of the estate ; and he stoutly denied the allegations of delinquency and misconduct contained in the petition.

At the trial of the issue made by the petition and answer the Orphans' Court, after hearing the testimony produced touching the filing by the appellee of an administration account, announced that in its opinion the evidence showed that such an account had been presented and sworn to by him in open Court, before the filing of the appellant's petition, and that the account so rendered must be treated as *prima facie* correct and must be surcharged by the petitioners. The Court also refused to permit the appellants to introduce evidence under the various other charges in the petition which it held not to be sufficiently definite or specific. The petitioners asked leave to amend the allegations

of their petition.   The Court did not permit the amend-
ment, but passed the order appealed from which dismissed
the petition " with leave to the petitioners to file a new peti-
tion."

We do not deem it necessary to enter at length into a
discussion of the merits of the case because the appellee
has made a motion to dismiss the appeal which must be
granted.

The order appealed from does not finally settle or deter-
mine the questions in controversy.   It does not either re-
move or refuse to remove the administrator, but simply dis-
misses the particular petition before the Court without prej-
udice to the appellants to reassert their claims in more ap-
propriate form by a new petition.

At the trial the appellants took an exception to the Court's
refusal to grant them leave to amend their petition and that
exception forms part of the record, but assuming without
so deciding that the Orphans' Court has power to permit
amendments to be made to pleadings in proceedings pend-
ing before it the granting or refusing the privilege of amend-
ment is a matter within the discretion of the Court and no
appeal will lie from its action.   *Poe on Pleading*, vol. 2, sec.
190; *Warren* v. *Twilley*, 10 Md. 39; *Scarlett* v. *Academy of
Music*, 43 Md. 208.

Inasmuch, however, as the controversy between the par-
ties to this record may form the subject of further proceed-
ings in the Orphans' Court we deem it proper to say that
in the absence of fraud practiced upon them the appellants
are concluded by the account prepared on October 25th,
1898, as to the matters embraced therein.   That account
was accepted by them as correct through their counsel, who
participated in its preparation, and they have accepted pay-
ment from the appellee of the sums thereby awarded to
them and executed releases to him therefor and in the ab-
sence of fraud they should not now be permitted to con-
test its accuracy.   If the share of the estate awarded to the
intestate's nephews, George H. and Adrian R. Buckley, has

not been paid to them the appellants are at liberty to claim it if they can show title to it in themselves by assignment or otherwise. And if they have knowledge of any concealment of assets by the appellee or of other official delinquencies on his part operating to their prejudice they are free to ask for relief in reference thereto by filing a new petition setting them forth with a reasonable degree of specification. This Court has frequently decided that the strict rules of pleading should not be applied to proceedings in the Orphans' Court, which, from the nature of that tribunal are informal and not technical, but even in that Court when officials are charged with serious dereliction the particular transactions which constitute the alleged dereliction should be identified in the application for relief so as to present for trial an issue free from confusion or uncertainty.

The appeal having been prematurely taken will be dismissed.

*Appeal dismissed.*

(Decided November 15th, 1900.)