## GEORGE A. MEAD ET AL.

### *vs.*

## MILLARD E. TYDINGS AND MARY V. CALLOSE, EXECUTORS OF SARAH E. WAREHEIM.

*Wills: caveat; before or after probate; executors' rights and duties. Orphans' Courts: amendments to proceedings; no appeal; continuance of caveat proceedings; executor abroad in military service of the United States.*

Where a caveat is filed after probate and the granting of letters, it is the duty of executors to defend the will. p. 610

Where a caveat is filed before probate and before the granting of letters, an executor is not a necessary party, but he has such an interest in the litigation as to entitle him to be made a party, if he desires. p. 611

Where, upon probate, when one executor appears and answers a caveat and is made a party by order of the court, the court may, by amendment, make the other executor a party also. p. 611

From the action of the court refusing to rescind an order making such parties, no appeal will lie. p. 611

No appeal lies from the action of the Orphans' Court in granting or refusing to grant amendments in cases within its jurisdiction. p. 611

A continuance of caveat proceedings is within the sound discretion of the Orphans' Court, and unless there is an arbitrary exercise of this discretion its decision is final and not subject to review. p. 612

Where an executor, party to a caveat, drew the will, was present when it was executed and was acquainted with the testator, is abroad in the military service of the United States, it is proper to suspend the caveat proceedings, under Chapter 22 of the Acts of 1917. p. 612

*Decided January 16th, 1919.*

Appeal from an order of the Orphans' Court for Harford County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John S. Young,* for the appellants.

*James J. Archer,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The first question to be considered in this case is presented upon the motion to dismiss the appeal upon the ground: first, that the orders appealed from were in the discretion of the Orphans' Court, and therefore not appealable orders; and second, because the orders were not so far final as to admit of an appeal.

An examination of the record and of the orders appealed from, have satisfied us that the motion to dismiss must prevail.

The facts essential to an understanding of the questions to be disposed of by us appear to be as follows: Sarah Elizabeth Wareheim died in Harford County, Md., on the 26th of March, 1916, leaving a last will and testament dated the 5th day of February, 1914. She devised and bequeathed all her property to Mary V. Callose and named her and one Millard E. Tydings, as her executors.

On the 17th of April, 1916, the will was filed and proved in the Orphans' Court, but not admitted to probate, and application was made for letters testamentary. On the 7th of August, 1916, the appellants filed a petition and caveat to the will, praying that the will be not admitted to probate and that Mary V. Callose, legatee and devisee, be required to answer the caveat and petition. This petition was answered by the respondent, denying the allegations thereof under oath, and subsequently issues were directed to be sent to the Circuit Court for Harford County to be tried by a jury. Upon the trial of the issues it was directed that the appellants should be plaintiffs and Mary V. Callose, devisee and legatee named in the will, should be defendant.

On the 3rd of September, 1918, the appellees filed a petition in the Orphans' Court asking leave to appear as executors named in the will to the petition and caveat of the 7th of August, 1916, and to defend the will. An order was passed on this petition on the same date making them parties to the proceedings caveating the will with leave to defend the will, "the same as though they had been originally made parties to the proceedings to defend, etc.

On the 6th of September, 1918, the Orphans' Court overruled a petition and motion of the appellants to set aside and rescind the order passed on the 3rd of September, 1918, making the appellees as executors, parties to the caveat proceedings to defend the will, and it is from this order that the first appeal has been taken.

While the proceedings in this case in the Orphans' Court are somewhat irregular, no valid reason can be assigned, why the executors should not be made parties to the proceedings upon their application, and if they desired to defend the alleged will.

It is well settled that when a caveat is filed after a will has been admitted to probate and letters testamentary have been granted it is the duty of the executor under such circumstances to defend the will thereby assailed. *Compton* v.

*Barnes,* 4 Gill, 55; *Glass* v. *Ramsay,* 9 Gill, 456; *Gorlon* v. *Perkins,* 63 Md. 589; *Miller* v. *Gehr,* 91 Md. 709.

Where a caveat however has been filed to the will and a contest takes place before the probate and before letters testamentary have been granted, an executor is not regarded as a necessary party thereto but he has such an interest in the litigation as entitles him, if he desires, to defend the will and to be made a party to the proceedings. *Townshend* v. *Brooke,* 9 Gill, 90; *Gorton* v. *Perkins,* 63 Md. 589; *Harrison* v. *Clark,* 95 Md. 308; *Pleasants* v. *McKenney,* 109 Md. 292.

In the present case one of the executors of the will had appeared and answered the caveat and had been by order of Court made the defendant in the caveat proceedings, and the only effect of the order of the 3rd of September, 1918, was to allow an amendment of the proceedings by bringing in the other executor and making both executors parties to the caveat proceedings so as they could defend the will.

The Orphans' Court committed no error in refusing to rescind this order and no appeal will lie from its action in granting or refusing to grant an amendment in cases within its jurisdiction. Such action is held to be within the discretion of the Court and not subject to review by this Court, *Thillman* v. *Neal,* 88 Md. 525; *Potts* v. *Potts et al.,* 88 Md. 640; *Appler* v. *Merryman,* 91 Md. 706.

The second order appealed against is dated the 6th of September, 1918, and directed that the caveat proceedings be stayed and suspended until the 1st of May, 1919.

This order was passed upon a petition of Mary V. Callose, one of the executors and by the attorney of Millard E. Tydings, the absent executor, wherein it is alleged among other things, as a ground for the continuance of the case:

First—That Millard E. Tydings is a captain in the U. S. Army, and was at the time in France, engaged in military service and has been in the Army since the declaration of war by the United States in 1917, and outside of the State of Maryland.

Second—That besides being one of the executors of the will, he drew it and was present when the same was executed, and is well acquainted with the deceased, and is a most important witness to the execution of the same as well as to the other facts to be proved by the caveatees to the caveat proceedings in support of the allegations of their answers heretofore filed to the caveat, and it will be impossible for the caveatees to sustain their defense to the will and the issues petitioned to be framed upon the pleadings under the caveat proceedings in the absence of said Tydings.

The petition then asked for a stay and suspension of the proceedings in the caveat contest, during the absence of said Tydings in the military service or until such time as the Court may consider just and right.

It is clearly settled that the question of the continuance of a cause is one addressed to the sound discretion of the Court, and unless there is an arbitrary exercise of this discretion, its decision thereon is not subject to review or appeal to this Court. *Dean v. Turner,* 31 Md. 55; *Hopkins v. State,* 53 Md. 502; *Poe's Pleading & Practice,* sec. 178.

But apart from this the continuance and suspension of proceedings in this case were specially authorized by Chapter 22 of the Acts of 1917 of the extra session of the General Assembly of Maryland, providing for the suspension or stay, during the continuance of the war of civil proceedings instituted by or against persons in the military or naval service of the United States.

We would not hesitate to affirm the order upon its merits if properly before us for review.

It follows from what has been said that as neither of the orders appealed from are properly before us for review, both of the appeals will be dismissed.

*Appeals dismissed, with costs.*