## CHARLES MARX, Executor, *vs.* ELIZABETH REINECKE.

*Executors—Concealment of Assets—Issues—Final Account—Effect.*

If, at the time of an application to the orphans' court for an issue as to the concealment of assets by the executor, there was an order of that court then in force determining that the fund in question belonged to the executor, the latter should have resisted the application for the issue, and if unsuccessful should have appealed from the order granting the issue, and he cannot wait until after the trial of the issue in the circuit court, and an order of the orphans' court based on the verdict of the jury, to question the regularity of the proceedings in the orphans' court in framing and sending the issue to the circuit court for trial. p. 318

The statement of a final account by an executor does not complete the administration of the estate, so as to divest the orphans' court of authority to send to the circuit court an issue as to the concealment by the executor of assets belonging to the estate, and of power to require him to account for such assets.
pp. 317, 319

Where an executor refuses to comply with an order of the orphans' court requiring him to account for a sum determined by the order of that court to have been concealed by him, the court has authority to compel obedience to its order and to revoke the letters testamentary previously granted to him.
p. 320

An appeal from an order of the orphans' court, not taken within the time allowed by Code, art. 5, sec. 62, will be dismissed. p. 320

An order of the orphans' court requiring an executor to file his final administration account on or before a date named, unless cause to the contrary be shown, including therein a certain fund, and that unless such account be so filed, or cause to the contrary shown, said executor be removed, is not a final order from which an appeal lies. pp. 314, 320

*Decided February 29th, 1924.*

Appeal from the Orphans' Court of Baltimore County.

Petition by Elizabeth Reinecke against Charles Marx, as
executor of the estate of John Marx, Senior, deceased, for
the discovery of certain assets belonging to the said estate,
and incidental relief. From various orders granted in con-
nection with such petition, said executor appeals. Appeals
from certain orders dismissed, and other orders affirmed.

The cause was argued before THOMAS, URNER, ADKINS,
and DIGGES, JJ.

*G. Clem Graetzel* and *Frank Driscoll,* with whom was
*John S. Strahorn* on the brief, for the appellant.

*William P. Cole, Jr.,* with whom was *Lawrence E. Ensor*
on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 18th of October, 1923, the appellant filed in the
Orphans' Court of Baltimore County the following order:

> "Enter an appeal to the Court of Appeals of Mary-
> land on behalf of Charles Marx, executor, from the
> orders of the Orphans' Court of Baltimore County
> dated August 29th, 1923, and September 11th, 1923,
> and the two orders dated September 27th, 1923; two
> orders dated October 18th, 1923."

The record shows that on the 29th of August, 1923, the
appellee filed in the Orphans' Court of Baltimore County a
petition alleging that the result of the trial of the issue sent
by said court to the Circuit Court for Baltimore County for
trial, and removed to the Circuit Court for Anne Arundel
County, had been duly certified by the Circuit Court of Anne
Arundel County to the Orphans' Court, and filed on the 23rd
of August, 1923; that, as appeared from said certificate,
the verdict of the jury in the Circuit Court for Anne Arun-
del County was that the appellant, Charles Marx, executor,
wrongfully concealed and had failed to account for the sum

of $4,500 belonging to the estate of the testator, and that said verdict had been sustained by the Court of Appeals, and praying the Orphans' Court to pass a final order or judgment in the matter. Thereupon the Orphans' Court, on the same day, passed an order that the said Charles Marx, executor, wrongfully concealed and had failed to account for $4,500 belonging to the estate of the testator, and that the costs in the Orphans' Court, in the Circuit Court for Anne Arundel County, and in the Court of Appeals, be paid by the said Charles Marx. On the 27th of September, 1923, the appellant filed an answer to said petition and order of court, in which he alleged that the Orphans' Court had no authority to pass said order, and prayed that the order be rescinded and the petition of the appellee be dismissed, and on the same day, after argument of counsel, the Orphans' Court passed an order affirming and making final its said order of August 29th, 1923.

Prior to the passage of the last mentioned order, on September 11th, 1923, the appellee filed a petition in the Orphans' Court, in which she alleged that the administration of the estate had been pending for more than ten years; that the estate had been subjected by said executor to uncalled for, unsuccessful and expensive litigation; that notwithstanding it had been finally determined that the said Charles Marx, executor, had concealed $4,500 belonging to the estate, he had never accounted for the same to the Orphans' Court, and that the appellee was advised that it was "doubtful" whether he had "that fund intact" for distribution; that at the trial in the Circuit Court for Anne Arundel County the appellant stated that it had been his desire and wish to pay said sum of $4,500 to himself as executor, but that he had not done so under instructions of his counsel, and that by reason of the attitude of said Charles Marx during the administration of the estate, and his apparent intention not to administer the estate according to law and to resist the efforts of the Orphans' Court to make him do so, she was apprehensive that the estate would never be administered with

justice to her and others interested therein, some of whom
were infants.  The petition prayed that the appellant be re-
quired to file an administration account, in which he should
include as part of the assets of the estate the said sum of
$4,500, with interest thereon from the time of the death of
the testator, on or before a day to be named by the court, and
if said account was not filed in accordance with the order of
said court, that said Charles Marx be removed as the executor
of said estate.  Upon this petition, and the affidavit thereto,
the Orphans' Court, on the 11th of September, 1923, passed
an order requiring the appellant to file his final administra-
tion account in said court on or before the 27th of Septem-
ber, 1923, and to include therein the said sum of $4,500,
with interest thereon from the death of the testator, and any
other funds belonging to the estate, unless cause to the con-
trary be shown on or before the 27th of September, 1923,
provided a copy of said order be served on him on or before
the 15th of September, 1923 ; and further ordering that un-
less such an account be filed on or before said date, or rea-
sons to the contrary be shown, that the said "Charles Marx
be and is hereby relieved as executor of said estate," etc.  On
the 27th of September, 1923, the appellant filed his answer
to said petition, in which he alleged that letters testamentary
were granted to him by the Orphans' Court on the 7th of
August, 1912; that on or about the 15th of April, 1915, the
appellee filed a petition in said court in which she alleged
that he, the appellant, had received from his brother, John
Marx, Jr., certain deposits in the Maryland Savings Bank
and the Central Savings Bank of Baltimore City, "aggre-
gating with interest thereon" the sum of $5,000, which de-
posits were held by the said John Marx, Jr., for the use and
benefit of his father, John Marx, Sr.; that at the hearing of
said petition the appellant produced the bank books showing
said deposits, and that the Orphans' Court held that the de-
posits in said banks belonged to the appellant, and not to
the estate of John Marx, Sr., and on the 3rd of February,
1916, the court dismissed said petition of the appellee; that

on the 21st of February, 1916, the appellant filed his first
administration account and, on the 26th of December, 1917,
filed his second and final administration account, which ac-
counts were duly passed; that the order of court passing his
final account had never been rescinded and was therefore
final and conclusive; that upon the advice of counsel based
on said order of February 3rd, 1916, he had resisted and
will resist any effort to require him to account to the estate
for property "belonging to him personally"; that the appeal
from the Circuit Court for Anne Arundel County was dis-
missed by the Court of Appeals, and that the Orphans' Court
had no authority to require him to account for the said sum
of $4,500; that the issue referred to in the appellee's peti-
tion was not applied for in the Orphans' Court until some
time in February, 1921, more than three years after his final
administration account had been passed by said court; that
he had accounted for every dollar that came into his hands
belonging to the estate; that he had never concealed one
penny belonging to the estate, and that he could not, there-
fore, account for the said sum of $4,500. On the 27th of
September, 1923, the Orphans' Court of Baltimore County
passed the following order:

> "The petition of Elizabeth Reinecke filed in this
> estate on September 11th, 1923, and the order of
> court passed thereon; the answer thereto filed by
> Charles Marx, executor, in this cause on September
> 27th, 1923, being read and considered, and the said
> executor being personally before the court but not
> offering any additional statement but that expressed
> in his answer aforesaid, and argument of counsel for
> respective parties being heard, it is this 27th day of
> September, 1923, by the Orphans' Court of Balti-
> more County, ordered that the letters of adminis-
> tration heretofore granted to the said Charles Marx
> be and they are hereby revoked, and that letters of
> administration on the estate of said John Marx, Sr.,
> deceased, be and they are hereby granted to Lawrence
> E. Ensor, he giving bond in the penalty of five thou-
> sand dollars as such administrator," etc.

After the passage of said order the appellant, on the 18th of October, 1923, filed two petitions in the Orphans' Court praying that the orders of August 29th, 1923, and September 27th, 1923, be rescinded (1) because the Orphans' Court had no jurisdiction to revoke his letters of administration, and its action in passing said order was "despotic" and "for the sole purpose of depriving and taking from said Charles Marx his own" property "without due process of law" and (2) because the court "had no jurisdiction to frame and transmit the issue mentioned herein," and was "without jurisdiction to receive the docket entries from the Circuit Court for Anne Arundel County." On each of these petitions the Orphans' Court passed the following order: "Petition and prayers refused this 18th day of October, 1923."

The record in this case also shows that the appellee, on the 22nd of April, 1915, filed a petition in the Orphans' Court of Baltimore County alleging that she was one of the legatees under the will of John Marx, Sr., deceased, which will had been admitted to probate and letters testamentary granted to Charles Marx; that the said Charles Marx, executor, had returned what he alleged to be a true and complete inventory of the estate of John Marx, Sr.; that the said Charles Marx received from his brother, John Marx, Jr., then deceased, certain deposits in the Maryland Savings Bank and the Central Savings Bank of Baltimore City, "aggregating, with the interest thereon, some five thousand dollars, which said deposits were held by the said John Marx, Jr., for the use and benefit of the said John Marx, Sr., and now belong to the estate of John Marx, Sr."; that the said Charles Marx, executor, had not returned said deposits as part of the estate of John Marx, Sr., but had concealed them and had refused to return and account for them, and that unless he was compelled to return or account for said sums of money as part of the estate there would not be sufficient funds to pay the petitioner and other legatees the full amount due them under the will of John Marx, Sr. The prayer of the petition was that said executor be required to return said

sums of money received by him from John Marx, Jr., in an additional inventory as a part of the estate of John Marx, Sr. The record shows that on the 3rd of February, 1916, the Orphans' Court passed an order "that the petition of Elizabeth Reinecke filed in the above estate be and the same is hereby dismissed, the estate to pay the costs." The record also shows that on the 26th of December, 1917, Charles Marx, executor, filed his "second and final administration account," which was on the same day passed by the Orphans' Court.

The contentions of the appellant in this case are (1) that the Orphans' Court by its order of February 3rd, 1916, dismissing the petition of the appellee filed in 1915, determined that the sums deposited in said banks and alleged to have been concealed belonged to him and not to the estate of the testator, and that, therefore, it was not proper for the Orphans' Court to frame an issue in regard to the concealment of said sums of money and to send it to the Circuit Court for trial, and (2) that after the statement of his second and final account the administration of the estate was completed so far as the Orphans' Court was concerned, and that court had no authority to send an issue as to the alleged concealment by the executor to the Circuit Court for trial, or to require him to account for said sum of $4,500. In support of the first proposition the appellant relies upon the cases of *Miller* v. *Gehr,* 91 Md. 709, and *Fowler* v. *Brady,* 110 Md. 204, and in support of the second he cites *Sloan* v. *Sloan,* 117 Md. 141. In the case of *Miller* v. *Gehr, supra,* this Court said: "In the first place there was an order of the Orphans' Court then in force which allowed that fee. The Court having jurisdiction to pass the order, it would have been improper to have a jury pass on the questions which would have been wholly irrelevant and immaterial, unless the order was first rescinded. It would practically be giving the jury the power to determine whether an order passed by a court of competent jurisdiction should be revoked, if any effect could be given to the finding of the jury,"

and in *Fowler* v. *Brady, supra,* the court said: "The only
questions presented by the petitions were determined by the
court, and its action, while subject to review and reversal on
appeal taken in proper time, could not be reviewed by a
jury." In those cases the appeals were from the refusal of
the Orphans' Court to send issues to the Circuit Court for
trial, and if, as claimed by the appellant, the Orphans'
Court, by its order of February 3rd, 1916, determined that
the sums of money deposited in said banks belonged to the
appellant, and that order was still in force when the appellee
applied to the Orphans' Court for an issue involving his title
thereto, and this appeal was from the order of the Orphans'
Court sending the issue to the Circuit Court for trial, there
would be force in the contention of the appellant. The
record in this case, however, does not show whether the peti-
tion filed·by the appellee in 1915 was answered by the ap-
pellant, or whether there was a hearing in the Orphans'
Court on said petition, and the record is silent as to all pro-
ceedings in the Orphans' Court from the date of the passage
of the administration account on the 26th of December, 1917,
to the filing of said petition of the appellee on August 29th,
1923, and the order of the Orphans' Court of that date based
on the verdict of the jury in the trial of said issue. If at
the time the appellee applied for the issue there was an order
of the Orphans' Court still in force determining the appel-
lant's right to the funds in said banks, the appellant should
have resisted the application for the issue in the Orphans'
Court, and if unsuccessful should have appealed from the
order of that court sending the issue to the Circuit Court
for trial. He cannot wait until after the trial of the issue
in the Circuit Court and the order of the Orphans' Court
based on the verdict of the jury, to question the regularity
of the proceedings· in the Orphans' Court in framing and
sending the issue to the Circuit Court for trial.

In regard to the second contention of the appellant it is
only necessary to refer to the case of *Wilson* v. *McCarty,* 55
Md. 280, where a final administration account had been

passed, and where the court said: "So long as assets can be found, which properly belong to the estate of the decedent, which have not been brought in and accounted for, the estate is not fully closed.  If the executors were both dead, on suggestion to the court, that such assets existed, the Orphans' Court would at once appoint an administrator *de bonis non* to do what was necessary to be done to collect and account for such assets. * * * In the case now before us one of the executors still lives, and the trust has survived.  If, therefore, there be assets which he has not returned, or assets which can be recovered, which he has not recovered, it is not only within the power and jurisdiction of the Orphans' Court to require the executor to discharge his duty, but it is the plain duty of that court to compel him.  This jurisdiction is expressly conferred by statute."  In the case of *Sloan* v. *Sloan, supra,* the testatrix gave all the rest and residue of her estate, "including all debts that may be due me at the time of my death," to her two daughters and her son, Fisher Sloan, "to be equally divided between them."  It was agreed in that case that after the payment of the expenses of administration and debts due by the testatrix there remained in the hands of the executors, subject to distribution under said clause of the will, stocks, bonds and cash amounting to upwards of fifty-five thousand dollars.  One of the residuary legatees filed a petition in the Orphans' Court alleging that the testatrix's son, Fisher Sloan, who was one of the executors, was indebted to the estate, and asked for issues to be sent to the Circuit Court for trial to determine the existence and amount of such indebtedness.  This Court said that the situation was precisely the same as if the testatrix had specifically bequeathed to her three children the debt due her by her said son, together with the stocks, bonds and cash mentioned, and that as the executor had by the agreement mentioned practically assented to the bequest to the petitioner, her title to the share of the debt due by the son was complete and that she could sue in her own name to recover it, and that therefore it was not a proper case for issues.  In

that case the appeal was from the order of the Orphans' Court sending issues to the Superior Court of Baltimore City for trial.   In this case the will of John Marx, Sr., is not in the record, and the appeal is from orders of the Orphans' Court requiring the executor to account for money found by the verdict of the jury to have been concealed by him.

The appellant having refused to comply with the order of the Orphans' Court, passed on the 11th of September, 1923, requiring him to account for the $4,500 determined by the order of that court to have been concealed by him, the court had ample authority to compel obedience to its order, and to revoke the letters testamentary previously granted to him. *Wilson* v. *McCarty, supra; Fowler* v. *Brady, supra; Wingert* v. *State,* 125 Md. 536; *Code,* art. 93, secs. 244, 260.

The appeal from the orders of August 29th and September 11th was not taken within the time allowed by section 62 of article 5 of the Code.   Moreover the order of September 11th was not a final order from which an appeal lies. *Chappell* v. *Clark,* 94 Md. 178.   The appeal from those orders must therefore be dismissed, and for the reasons stated the other orders appealed from will be affirmed.

> *The appeal from the orders of August 29th
> and September 11th, 1923, dismissed, and
> each of the other orders affirmed, the costs
> to be paid by Charles Marx.*