LAVENDER ET AL. *v.* GERNHART ET AL.

[No. 37, October Term, 1952.]

*Decided December 4, 1952.*

Argued before MARKELL, C. J., and DELAPLAINE, COL-
LINS, HENDERSON and HAMMOND, JJ.

*Joseph Townsend England* for appellants.

*Paul R. Hassencamp* and *Avrum K. Rifman*, with
whom was *William M. Travers* on the brief, for ap-
pellees.

MARKELL, C. J., delivered the opinion of the Court.

This is an appeal from an order postponing, pursuant
to the Soldiers' and Sailors' Civil Relief Act of 1940,
50 U. S. C. A. Appendix, § 501 *et seq.*, during the period
of the military service of one of the caveatees, the trial
of issues sent to a court of law on a caveat to a will.

The issues from the Orphans' Court were filed on
November 20, 1951. On January 10, 1952 a petition of
an attorney, on behalf of Franklyn Joseph Donnelly, a
minor, was filed, alleging, *inter alia,* that Donnelly "is
presently in the military service and has been for some
time past"; that he is a caveatee and "has an important
and substantial financial interest which will require
his presence in * * * Baltimore for aid in the preparation,
defense and trial of the * * * caveat, and he is presently
unable, because of his military service, properly and
adequately to defend his interests in and to the * * *
will", and praying postponement "as provided for in
the Soldiers' and Sailors' Relief Act". After an answer
and hearing the court signed the order for postponement
on March 31, 1952.

The Soldiers' and Sailors' Relief Act provides, *inter
alia,* "Stay of proceedings where military service affects
conduct thereof.* At any stage thereof any action or
proceeding in any court in which a person in military
service is involved, either as plaintiff or defendant, dur-

94

ing the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501-548 and 560-590 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 App. U. S. C. A. § 521. This identical provision is contained in the Maryland act, supplemental to the Act of Congress. Code of 1951, Art. 87A, sec. 5(5). Appellants urge that the Act "does not apply to caveat proceedings". In *McLaughlin v. McLaughlin,* 186 Md. 165, 171, 46 A. 2d 307, 309, we said, "In Maryland probate of a will in common form is not a judgment, action or proceeding against any of the next of kin. No notice to anyone is necessary if one or more of the next relations attends and no objection or caveat is made." Manifestly this is not true of trial of issues on a caveat. "Any action or proceeding in any court" includes everything, *inter alia,* probate proceedings; "Either as plaintiff or defendant" includes any one of the opposing parties, whether called plaintiff, complainant, libellant, defendant, respondent or by any other name. Appellants also urge that (if the Act is applicable at all) the Orphans' Court, and not the court of law, has jurisdiction under it. The court to postpone a trial of issues is ordinarily the court in which the issues are to be tried. If we assume that the Orphans' Court could have stayed transmission of the issues, nevertheless the Act authorizes a stay "at any stage of the proceedings", *e.g.,* when trial is approaching and not only months before.

Appellants also urge that Donnelly's presence would not be "beneficial to the defense of the alleged will", because before the Orphans' Court Donnelly testified that he did not know whether he was related to the testator or not. As Donnelly claims as a beneficiary under the will and not against it, the reason for the

testator's bounty presumably must have been something other than blood relationship. "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use." *Boone v. Lightner,* 319 U. S. 561, 575, 63 S. Ct. 1223, 1231, 87 L. Ed. 1587. Judge Byrnes, in his letter to counsel expressing his opinion, said, "This Court, will, however, cooperate to the fullest extent with all counsel in an effort to have the issues heard whenever young Donnelly can be available as a witness. I suggest that counsel for the Petitioner make an effort to have their client obtain a leave of absence for the purpose of attending the trial, and when date of such leave is known, the Clerk will be instructed to give the case priority on any dates agreed upon by counsel." We find no abuse of discretion under the Act and no reason to expect that appellants will be thwarted by the court in any effort, reasonable in the circumstances, to obtain a prompt trial. Under the Act of Congress, as under the decisions of this court (*Mead v. Tydings,* 133 Md. 608, 612, 105 A. 863), the discretion of the trial court in granting or refusing a stay is not reviewable unless abused. *Boone v. Lightner, supra.*

The petition for a stay was under affidavit of the attorney "to the best of his information, knowledge and belief". Appellants contend that "this is not proof of military service." In their answer to the allegations of the petition as to age, birth and military service appellants "being without knowledge of the facts therein

96

alleged, must therefore, deny the same, and demand strict proof thereof," but there is no indication that any point was made below as to the form of the affidavit or the fact that it was made by the attorney and not by Donnelly. The objection here is too late. Courts commonly act on an unsworn uncontroverted statement of fact by counsel.

*Order affirmed, with costs.*