## SUSAN MARINE *v.* CURTIS JOHNSON

[No. 418, September Term, 1981.]

*Decided December 7, 1981.*

The cause was argued before GILBERT, C. J., and MOORE and LISS, JJ.

*O. Robert Lidums,* with whom was *Julius A. Jodlbauer* on the brief, for appellant.

*Thomas L. Kemp,* with whom were *William G. Kemp* and *Melvin J. Sykes* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

This appeal asks whether a person who is appointed as a personal representative under a will admitted to judicial

probate may then maintain an action challenging the probate. Phrased more simplistically, may the defender of the will be its principal assailant?

The facts giving rise to this question are uncomplicated. Marianne Marine died on November 2, 1979. Approximately one month later, a petition for judicial probate was filed in the Orphans' Court for Cecil County. The petition was accompanied by a photocopy of a paper writing purported to be the last will and testament of the decedent. The writing was dated July 27, 1978.

Opposition to the petition was filed by the three children of Ms. Marine.[1] Johnson also presented a copy of a later dated paper writing that purported to be Ms. Marine's will. That paper bore the date of June 28, 1979. It was, however, admittedly invalid in that it lacked the requisite number of witnesses.

The Orphans' Court, after a hearing, admitted the photocopy of the July 27, 1978, will to probate and rejected the June 1979 writing.

Susan Marine, one of the children of the decedent and the person nominated by the decedent to be the representative under the July 1978 will, then qualified as the personal representative.

Subsequent to her qualification, she individually[2] appealed the Orphans' Court's ruling admitting the July 1978 will to probate. The appeal to the Circuit Court for Cecil County[3] took the form of an attack on the admission to judicial probate of the photocopy of the 1978 will. The principal beneficiary under that will was named the defendant. The appellant asserted that there was no clear and convincing evidence to rebut the presumption that the July 1978 will was revoked by virtue of the absence of the original copy of the will. The circuit court, after a trial *de novo,* affirmed the Orphans' Court. This appeal ensued.

---

1. The decedent was divorced. The children were issue of the marriage.
2. The other two children were not parties to the appeal.
3. *See* Md. Cts. & Jud. Proc. Code Ann. § 12-502.

Interestingly, no one raised in the trial court the issue of the right of the appellant to carry water on both shoulders, *i.e.,* to attack the very will that she was charged with administering. On appeal, however, that issue has been raised.

Ordinarily, this Court will not consider issues not raised and decided in the trial court. Md. Rule 1085. The rule does, however, permit us to consider original issues in appropriate circumstances. *Charles J. Cirelli & Sons, Inc. v. Harford County Council,* 26 Md. App. 491, 338 A.2d 400 (1975).

Exercising the authority conferred upon us by Md. Rule 1085, we shall consider the question inasmuch as it is dispositive of this appeal.

Applicable provisions of Md. Estates & Trust Code Ann. provide:

"§ 6-101.

As a condition to his appointment, a personal representative shall file (a) a statement of acceptance of the duties of the office, (b) any required bond. . . ."

"§ 6-102.

. . . .

h. (1) The bond shall be substantially in the following form:

The condition of the above obligation is such, that if _____ shall well and truly perform the office of the personal representative of _____, late of _____, deceased, according to law, and shall in all respects discharge the duties required of him by law as personal representative without any injury or damage to any person interested in the faithful performance of the office, then the above obligation shall be void; it is otherwise to be in full force and effect."

"§ 7-101.

(a) A personal representative is a fiduciary. He is under a general duty to settle and distribute the

estate of the decedent *in accordance with the terms of the will* and the estates of decedents law as expeditiously and with as little sacrifice of value as is reasonable under the circumstances. He shall use the authority conferred upon him by the estates of decedents law, by the terms of the will, by orders in proceedings to which he is party, and by the equitable principles generally applicable to fiduciaries, fairly considering the interests of all interested persons and creditors."

Although the appellant was appointed personal representative, she posted no bond as such, but because she appealed the decision admitting the will of June 1978 to probate, she requested to be and was appointed "special administratrix." She posted a $5,000 bond to assure the faithful performance of those duties.

Maryland does not appear to have considered the precise question put to us, but in *Langhirt v. Hicks,* 153 Md. 31, 137 A. 482 (1927), the Court in *dicta* said that a person who attempted to caveat a will, withdrew the caveat and qualified as executor could not, after fifteen months service as executor, caveat the will. The Court opined that the executor was estopped to assert a position inconsistent with a different position he had voluntarily assumed. An executor is charged with the duty of defending a will, once it has been admitted to probate. *Mead v. Tydings,* 133 Md. 608, 105 A. 863 (1919); *Miller v. Gehr,* 91 Md. 709, 47 A. 1032 (1900); *Gorton v. Perkins,* 63 Md. 589, 3 A. 291 (1885).

In *Stuart v. Foutz,* 185 Md. 401, 45 A.2d 98 (1945), the appellant was the executrix of a will. She offered two wills for probate, one of which was admitted. The executrix appealed the denial of the other will. The Court held that she could not maintain the appeal. The Court *sua sponte* raised the question of appealability and then dismissed the appeal.

In the light of *Langhirt* and *Stuart,* we have no hesitancy in holding that the appellant, having been appointed to the office of personal representative of the estate of her mother, Marianne Marine, may not assail the validity of the very

will she has been designated to defend. We dismiss the appeal.

We add that if this case were before us on the merits of the probate of the photocopy of the will of June 1978, we would affirm the trial court and, thus, the Orphans' Court.

*Appeal dismissed.*
*Costs to be paid by appellant.*