CHARLES MARX, Executor, and CHARLES MARX, Individually, *vs.* LAWRENCE E. ENSOR, Admr.

*Order Nisi—Effect of Invalidity—Stay by Writ of Error— Accounting by Executor—Attachment for Refusal.*

That an order *nisi* was passed by the orphans' court, before its receipt of a mandate in the case from the Court of Appeals, was immaterial, if the final order was passed after the receipt of the mandate, at a session at which the party subsequently appealing from the two orders was present, with his attorneys, and not complaining of lack of notice.                    p. 606

A contention disposed of on previous appeals in the same case cannot be considered.                    p. 606

A writ of error to the Supreme Court of the United States, sued out later than sixty days after the last of the judgments to be reviewed, does not operate as a supersedeas or stay proceedings.                    p. 607

In view of the persistent refusal of the former executor of an estate to comply with orders of the orphans' court requiring him to pay over assets, and of the other circumstances of the case, *held* that an order of the Court of Appeals, suspending, pending a writ of error to the United States Supreme Court, an order of attachment issued against him by the orphans' court for non-compliance with such orders, should be rescinded.        p. 607

*Decided December 4th, 1924.*

Appeal from the Orphan's Court of Baltimore County.

Petition by Lawrence E. Ensor, administrator *c. t. a.* of the estate of John Marx, Senior, deceased, against Charles Marx, former executor of said estate, to obtain possession of assets. From orders requiring said former executor to deliver and pay over the assets of said estate, he appeals. Order affirmed.

The cause was argued before PATTISON, ADKINS, OFFUTT, BOND and PARKE, JJ.

*John S. Strahorn* and *G. Clem Graetzel,* with whom was *Frank Driscoll* on the brief, for the appellant.

*William P. Cole,* with whom was *Lawrence E. Ensor* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This is the third appeal on this particular controversy. The decisions on the two previous appeals are reported in 142 Md. 342, and 145 Md. 311. The first appeal was from rulings of the Circuit Court for Anne Arundel County on the trial of an issue which had originated in the Orphans' Court of Baltimore County on a complaint that Charles Marx, as executor of the estate of John Marx, Senior, deceased, was concealing and failing to account for additional assets of the estate, and a petition that he be required to account for them then. The verdict of the jury was against the executor. He contended on the trial that the question of right to the assets in controversy had been previously determined in his favor, and the administration finally closed afterwards by the passing of his final account. The appeal from the decision against him, that is, the first appeal, was dismissed because of delay in transmission of the record.

The second appeal was from orders passed by the orphans' court in pursuance of the decision on the issue sent to the Circuit Court. On August 29th, 1923, an order was passed declaring that the assets were wrongfully withheld by the executor, as the jury had found, and on September 11, 1923, an order *nisi* was passed directing the necessary accounting by the executor and providing for his removal if he should fail to make it. Marx filed an answer repeating his contention that the question of additional, concealed assets had been determined in his favor at an earlier time during the course of his administration; and in due course, on September 27th, 1923, the orphans' court passed an order which

made final in all respects the order *nisi* of September 11th, 1923, removed Marx as executor, and appointed in his place Lawrence E. Ensor. On October 18th, 1923, Marx filed a petition for a rescission of the orders of August 29th, 1923, September 11th, 1923, and September 27th, 1923, and that petition was refused on the same day. These several orders were the subjects of the second appeal; and it was decided by this Court then, that the orphans' court, notwithstanding the final accounting by the executor, still had jurisdiction to. require an accounting of additional assets, if there were any, and to send to the circuit court for trial an issue on the existence of additional assets in the hands of the executor; and further, that if at the time of an application for such an issue there was in force an order determining that the particular fund in controversy belonged to the executor, he should have availed himself of that fact by resisting the sending of the issue and appealing from the order allowing it if his resistance was unsuccessful—which the appellant failed to do—and that he could not avail himself of it after the issue had been allowed to go to the circuit court for trial.

After the decision on this second appeal, which was announced on February 29th, 1924, the orphans' court, on the petition of Lawrence E. Ensor, the administrator, on March 18th, 1924, ordered Marx to deliver over all property of the decedent still in his hands, with books and papers, to his successor, and authorized the administrator to employ counsel and bring suit on the executor's bond if he failed to comply with the order. But it happened that a motion for reargument on the appeal had delayed the mandate, so that it had not been received by the orphans' court on the day that the order was passed. It was not received until April 14th, 1924. Marx, by his attorneys, filed a protest denying jurisdiction of the court to pass the order of March 18th. On April 15th, however, after the mandate had been received, a hearing was had on the petition of the administrator, Marx and his attorneys being present, and Marx was sworn and questioned about the additional assets. Under the instruc-

tions of his counsel he refused to answer. The court then passed, on the same day, April 15th, 1924, an order finally directing Marx to deliver over the additional assets of the estate which the jury decided he held in his possession. The appeal which is now before the Court was taken from the two orders of March 18th, 1924, and April 15th, 1924.

The appellant first objects that the order *nisi* of March 18th having been signed before the mandate from this Court had been received, was void because of the suspension of all jurisdiction in the orphans' court pending the appeal. The order of April 15th, he argues, was likewise invalid because it originated out of the invalid order *nisi*. It was unquestionably beyond the power of the orphans' court to take any action in the case before the mandate had been received, but the order of March 18th, being merely on order *nisi*, did of itself no harm to the appellant. The order of April 15th was passed at a session at which the appellant was actually present with his attorneys, asking no delay and not complaining of any disadvantage from lack of greater notice. Indeed, no lack of notice is complained of on appeal. The only essential to a proper hearing was that the party to be affected should have been brought to court ready for the hearing, if he cared to come; and this was accomplished. The objection has no substance. Moreover, the order appealed from was, in effect, nothing more than the final order passed on September 27th, 1923, which had been upheld on the appeal just concluded.

The appellant repeats on this appeal, too, his contention that an order passed at an earlier stage of the proceedings, followed by the passing of his final administration account, had finally determined that the assets now demanded of him belonged to him and not to the estate. This is the contention made on the first and second appeals, and so far as the courts of the State are concerned, it was disposed of on those appeals, and further litigation of it is merely vexatious.

These conclusions cover all points which might arise from the record on appeal; and on that record the final order of

April 15th, 1924, must be affirmed. Two questions arise, however, from proceedings subsequent to the entry of the appeal. On July 3rd, 1924, the substituted administrator prayed the orphans' court that an attachment might issue against Marx for his contumacy in failing to obey the previous order of the court to pay over the assets in dispute, and on July 8th the attachment was issued, and Marx was arrested and held. On the day before, July 7th, however, Marx had sued out a writ of error to the Supreme Court of the United States for a review of all the judgments of this Court in the cause, and on July 21st he prayed this Court that the attachment might be suspended pending the writ of error. On August 8th the attachment was suspended as prayed, but with leave to the administrator to move for a rescission of the order for suspension, which he did forthwith. And the question of further suspension of the attachment has been heard with the appeal. It appears that the writ of error to the Supreme Court was sued out later than sixty days after the last of the judgments to be reviewed, and that, therefore, it does not operate as a supersedeas or stay proceedings in the orphans' court. *Annotated Cases,* 1912 A, 259. And this Court, after having reviewed the litigation, is of opinion that under the facts presented, and in view especially of the persistent refusal of Marx to comply with any orders of the orphans' court despite repeated indulgence granted him, it would be improper to indulge him further, and that the order of this Court of August 8th, 1924, suspending the attachment, should be rescinded.

> *Order of the Orphans' Court of Baltimore County of April 15, 1924, affirmed, and the order of this Court of August 8, 1924, rescinded, the appellant and petitioner to pay all costs.*